IN THE MATTER OF THE ESTATE OF HOWARD DANA, Deceased; JESSICA G. DANA v. E. B. DRUMRIGHT, as Administrator of the Estate of Howard Dana, Deceased, FIRST SAVINGS & TRUST COMPANY OF TAMPA, as Executor of the Estate of Anna M. Dana, Deceased, LEONA D. DANA and CORRINE V. HOUSEKNECHT.

190 So. 52
Opinion Filed June 23, 1939

*Frank T. Phillips* and *Maxwell & Cobbey,* for Appellant; *Dickinson & Dickinson,* and *Hill & Hill,* for Appellees.

TERRELL, C. J.—In March, 1936, Howard Dana executed a will devising all of his property to his wife, Anna M. Dana, for life and on her death, to Jessica G. Dana, his daughter-in-law, and appellant here. In August, 1937, E. B. Drumright filed a petition in the County Judge's Court of Hillsborough County alleging that Howard Dana had died intestate and praying that he be appointed administrator of his estate, which was done in response to the prayer of said petition.

In September, 1937, immediately after Drumright's appointment as administrator, Jessica G. Dana filed the will of Howard Dana in the County Judge's Court and petitioned for letters of administration *cum testamento annexo*. Drumright filed a caveat to the probate of said will. The will was proven and the County Judge issued citation to E. B. Drumright as administrator of the estate of Howard Dana, attaching thereto a copy of the petition for letters of administration *cum testamento annexo*. Drumright as administrator filed an answer to the petition seeking to contest the will on the ground of mental incapacity of the testator to execute same.

Anna M. Dana died testate September 3, 1937, and First Savings & Trust Company of Tampa claiming to act as executor of her estate and Leona D. Dana, another daughter-in-law, claiming as devisee and legatee under the will of Anna M. Dana, filed a joint answer seeking to contest the will of Howard Dana on the ground that it was secured by undue influence and that he was mentally incapacitated to execute the same. Jessica G. Dana moved to strike the joint answer of First Savings & Trust Company of Tampa and Leona Dana and the answer of E. B. Drumright on the ground that they were not properly before the court, that they were not authorized by the court to file the contest, that they had no right to file the contest and that they were not such heirs or distributees under the will as gave them a right to contest its probate.

The County Judge granted the motion to strike the answer of E. B. Drumright as administrator of the estate of Howard Dana. He also granted the motion to strike the answer of Leona Dana and that of First Savings & Trust Company of Tampa as executor of the estate of Anna M. Dana. He revoked the letters of administration granted to E. B. Drumright and admitted the will of Howard Dana

to probate appointing Jessica G. Dana as administratrix *cum testamento annexo*.

From the orders so made by the probate court, E. B. Drumright, First Savings & Trust Company of Tampa, and Leona Dana appealed to the Circuit Court. Jessica G. Dana moved to dismiss the appeal of Drumright. This motion was denied by the Circuit Court but in the same decree, he sustained the order of the probate judge striking the answer of Leona D. Dana and reversed its orders striking the answers of E. B. Drumright and First Savings & Trust Company of Tampa. He also reversed the orders of the County Judge revoking the letters of administration of Drumright, admitting the will of Howard Dana to probate and appointing Jessica G. Dana as administrator *cum testamento annexo*. From this decree, Jessica G. Dana appealed and Leona D. Dana filed cross assignment of error to that part of the decree sustaining the County Judge in striking her answer seeking to contest the will of Howard Dana.

Several questions are urged but in this state of the pleadings, the sole question we are required to answer is whether or not E. B. Drumright or First Savings & Trust Company of Tampa in their representative capacity of Leona D. Dana in her own right are in position to contest the will of Howard Dana.

Under the common law, there appears to have been no such right or authorization as that the contest the will of a decedent but we construe Section 67 and other applicable provisions of Chapter 16103, Acts of 1933 (Probate Act) to grant such a right or authorization to heirs, legatees, devisees, distributees, spouses, creditors, or others having a property right or claim against the estate being administered. This is the general rule the application of which to individual cases will be determined by the facts.

In the case at bar, there is nothing for the will to operate on. It appears that some six months or more after its execution, the testator, joined by his wife, Anna M. Dana, executed deeds and an assignment of a mortgage to Jessica G. Dana covering the identical property described in the will. In the case of E. B. Drumright, *et al.,* v. Jessica G. Dana, a companion case, decided this date, we held these conveyances good against attack predicated on the same ground as the attack on the will and being so, the will had nothing to affect and was to all intents and purposes revoked. There was accordingly no basis for the contest on the part of any of the appellees in this case.

The judgment of the Circuit Court permitting appellees to contest the will of Howard Dana and refusing to grant the motion of appellant to dismiss the appeal from the probate court constituted error for which reversal is hereby ordered.

Reversed.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.