OWEN, Judge.
The question presented is whether a valid written will may be revoked or altered by a subsequent inconsistent nun-cupative will. This appears to be a case of first impression in this jurisdiction.
We hold that it cannot and we therefore reverse the order of the probate court admitting such nuncupative will to probate.
Decedent’s written will was executed four years prior to his death and its validity is not questioned. The written will disposed of the decedent’s entire estate, a substantial part of which consisted of personal property. At the time of his last sickness, decedent called four members of the family to his bedside and spoke a nuncupative will which, if valid, would substantially alter the bequests to three of his grandchildren named iri the written will. Appellant has raised on this appeal the additional question of whether three of the witnesses were disqualified as such by reason of their being beneficiaries under the nuncupative will (only one of whose legacy was altered by the nuncupative will). We expressly do not decide that question. For the purpose of this appeal we assume the nuncupative will met all of the requirements of Section 731.06, F.S.1967, F.S.A. Thus, the question is squarely presented as to whether the prior written will, disposing of all of decedent’s property, could by implication be altered or partially revoked by a subsequent inconsistent nuncupative will.
Section 731.12, F.S.1967, F.S.A., provides for implied revocation by subsequent inconsistent will as follows:
“731.12 Implied revocation by subsequent inconsistent will. A will is revoked by a subsequent inconsistent will, even though the last will does not expressly revoke all previous wills; but such revocation extends only so far as the inconsistency exists.”
Section 731.13, F.S.1967, F.S.A., provides for expressed revocation or alteration by written instrument as follows :
“731.13 Revocation by written instrument. A will or any part thereof may be revoked or altered by a subsequent written will, codicil or other writing, declaring such revocation or alteration; provided, that the same formalities required for the execution of wills under this law are observed in the execution of such will, codicil or other writing.”
Although Section 731.12, F.S. 1967, F.S.A., does not state that the subsequent inconsistent will must be written if the former will was in writing, nor does Section 731.13, F.S.1967, F.S.A., state that a written will cannot be revoked or altered by an oral will, we hold that such is the legislative intent.
The precise question now before us was decided by the Supreme Court of Kansas in the case of In re Grattan’s Estate, 1943, 157 Kan. 116, 138 P.2d 497. It was there held that where a testator makes, executes and declares a valid written will making disposition of all of his property, he cannot subsequent thereto make a nuncupative will revoking or altering such written will. The scholarly and comprehensive opinion written for the court by Mr. Justice Parker summarizes not only the history and development of statutes dealing with the manner in which written wills may be revoked, but also the relatively few reported American cases dealing with the specific question, as well as the views expressed by substantially all of the recognized text writers on the subject. There is no need for us to cover the same ground here and reference is made to that opinion for a complete discussion of the point. Suffice it to say we approve the rule announced by the Supreme Court of Kansas in the cited case.
*186 Mr. Redfearn in his treatise, 1 Redfearn, Wills and Administration of Estates in Florida (3d ed. 1957), p. 53, in discussing this particular point states a similar view as follows:
“A written will could not he expressly revoked by a nuncupative will, as such revocation must be made by written instrument executed with the formalities required by law. A testator may impliedly revoke a written will by executing a later written will inconsistent with the former. Whether a later nuncupative will would operate impliedly to revoke a written will is a question which is settled in the negative by the twenty-second section of the Statute of Frauds. It will be noticed that this section of the Statute of Frauds refers only to personalty. This is due to the fact that land in England, after the Norman Conquest and the introduction of feudalism, was never again subject to disposition by nun-cupative will. Therefore, this section could refer only to personal property. The Sixth Section of the Statute of Frauds provides the method of revocation of wills of realty. It will be noticed that Florida Statutes on the question of revocation of wills of real estate are based on this section of the Statute of Frauds. From the foregoing it is seen that a nuncupative will in this state can neither impliedly nor expressly revoke a written will properly executed. Just such an attempt, in 1’676, to probate a nun-cupative will where a written will already existed, seems to have been one of the primary causes of the enactment of the Statute of Frauds.” (Footnotes omitted.)
In 2 Page, Wills § 21.37 (new rev. ed.) the authors, speaking of statutes similar [but not identical] to F.S. Sections 731.12 and 731.13, F.S.A., state:
“Under modern statutes, oral words alone cannot revoke a written will, and it follows that a nuncupative will, even though of itself valid, cannot revoke a prior written will, except where the statute makes a special exception in its favor.”
In the case at bar the decedent’s written will (the validity of which is not disputed) having disposed of all his real and personal estate by means of a customary residuary clause, there remained nothing upon which the nuncupative will could act and it was therefore nugatory. Cf. In re Dana’s Estate, 1939, 138 Fla. 676, 190 So. 52. The order of the probate court establishing and probating the nuncupative will is reversed.
REED, J., and GOODING, MARION W., Associate Judge, concur.