CAJOLEAS *et al. v.* ATTAYA.*

(Division A.　Jan. 10, 1927.　Suggestion of Error Overruled Feb. 21, 1927.)

[111 So. 359.　No. 26037.]

WILLS. *Administrator may not contest will subsequently presented for probate (Hemingway's Code, sections* 1655, 1662).

Administrator of estate is not such interested person, within purview of Code 1906, sections 1990, 1997 (Hemingway's Code, sec-

tions 1655, 1662), relative to contests of will, as authorizes his contesting will subsequently presented for probate.

*Corpus Juris-Cyc. References: Wills, 40Cyc, p. 1230, n. 13, 17, 19. As to right of executor or administrator of one entitled to contest will to institute or maintain the contest, see annotation in L. R. A. 1918A, 467; 28 R. C. L. 389.

APPEAL from chancery court of Lamar county.

HON. T. P. DALE, Chancellor.

Application by George J. Cajoleas for the probate of the last will and testament of Constantine Scarlatos, deceased. Judgment overruling petitioner's demurrer to the *caveat* filed by George Attaya, administrator, and petitioner and others appeal. Reversed and judgment rendered.

*Davis & Bridges* and *Paul B. Johnson,* for appellants.

It is our contention that after a decree probating the will had been entered, the probation of the will cannot be attacked collaterally. *Cruesoe* v. *Butler,* 36 Miss. 150; *Martin* v. *Perkins,* 56 Miss. 204; *Tucker* v. *Whithead,* 58 Miss. 762.

We have been unable to find any Mississippi decision that has held that the probation of a will could be attacked collaterally either by persons interested or executors of administration. It is our contention that under no circumstances does an administrator ever become an interested person who is entitled to contest a will under the laws of Mississippi. Section 1663, Hemingway's Code; *Hoskins* v. *Holmes County Community Hospital et al.,* 135 Miss. 89, 99 So. 570.

George Attaya, administrator, appellee, has no such interest in any probate of the said will as will entitle him to maintain a suit to cancel the probation of said will

or to object to the probation of the said last will and testament. *Hoskins* v. *Holmes County Community Hospital et al., supra; Selden* v. *Ill. Trust & Savings Bank,* 239 Ill. 67, 87 N. E. 860, 130 A. S. R. —; *Kelly* v. *Davis,* 37 Miss. 76; *Brauel et al.* v. *Reuther et al.,* L. R. A. 1918A 444. See, also, *Re Souborn,* 98 Co. 103, 32 Pac. 865; *Ex rel. Eakins* v. *District Court,* 34 Mont. 226, 85 Pac. 1022; *Harris* v. *Harris,* 61 Ind. 117; section 1692, Hemingway's Code (section 2027, Code of 1906).

*Hall & Hall,* for appellee.

I. We come now to the question raised by appellants as to whether or not an administrator is such a person as can contest or oppose probate of a will. As the case now stands, and as it stood in July, 1926, when appellants' demurrer to the *caveat* was overruled, there was no probate of the will, but simply a petition for probate on file. Consequently, section 1655, Hemingway's Code, comes into action.

It will be noted that this section says any one desiring to do so may contest a will before probate. Before probate any one may object to probate. After probate without notice, *any person interested* may contest the will.

We contend, first, that there is no probate before the court and that there was no probate when the *caveat* was filed, and consequently, any one may file a *caveat.* It would seem that further argument and the citation of further authorities is wholly unnecessary, but counsel for appellant seem to think that we are bound by the second section quoted, the "any person interested" clause. Necessarily, there follows, then the question, Is the administrator such an interested person as may contest the validity of a will? *In re Davis Will,* 75 N. E. 530, is squarely in point with the case at bar, and the supreme court of New York seems to have the best of the argument,

holding unequivocally that an administrator is such an interested party as may contest a will.

Counsel make the statement in their brief that in 1896 the New York statute was like the Mississippi statute and that it was changed afterwards, but that while it read like the Mississippi statute the New York supreme court held that the right of contest was limited to the heirs at law or the beneficiaries in the will, and they refer to the case of *Lewis* v. *Cook*, 44 N. E. 778, in support of their statement. We have carefully and closely read this case, and there is not one word in it regarding an administrator's right to contest a will. There are numerous authorities which follow the New York rule, and we are not driven to the point where we must rely upon the one case. 40 Cyc. 1230.

Counsel have quoted from *Selden* v. *Ill. Trust & Savings Bank*, 130 A. S. R. —. As we see it, the part quoted is very strongly in favor of our contention. See, also, notes to that case in 130 A. S. R. at 204, citing *In re Cornelius' Will*, 14 Ark. 675; *Re Will of John Neal*, 109 S. E. 70; *Doran* v. *Mullan*, 78 Ill. 343; and *In re Page*, 118 Ill. 576, 8 N. E. 853.

There are numerous cases holding that an executor in a prior will, apparently valid, is entitled to oppose probate of an alleged subsequent will. As we see it, there is no distinction which can be drawn between such cases and the one at bar and there can assuredly be no doubt that such cases are in point just the same as the authorities which we have already cited. A few of these cases are: *In re Greely*, 15 Abb. Pr. (N. S.) (N. Y.) 393; *In re Langley*, 140 Cal. 126, 73 Pac. 824; *Connelly* v. *Sullivan*, 50 Ill. App. 627; *In re Coursen*, 4 N. J. Eq. 408; *In re Murphy*, 153 Minn. 60, 189 N. W. 413. Also the following English cases recognize this same principle: *Mansfield* v. *Shaw*, 3 Phillim. Eccl. Rep. 22; *Boston* v. *Fox*, 29 L. J. Prob. (N. S.) 68, 4 Swabey & T. 199. See, also, *Donovan* v. *Second Judicial Dist. Ct.*, 25 Mont.

355, 65 Pac. 120; *State* v. *Lancaster,* 119 Tenn. 638, 105 S. W. 859.

When all the cases cited by appellants are sifted down, it is found that they have referred to only one case, *Harris* v. *Harris,* wherein the right of an administrator to contest a will was denied. We do not know the exact verbiage of the Indiana statute, but it is very probable that the persons entitled to contest in that state are specifically designated by statute.

We have cited numerous authorities from various jurisdictions, holding absolutely that an administrator already qualified as such is entitled to oppose the probate of a will subsequently presented. And indeed it seems to us that the line of reasoning given in these cases is conclusive.

COOK, J., delivered the opinion of the court.

On October 5, 1925, Constantine Scarlatos, who had for many years previously resided in Lamar county, Miss., died in the city of New Orleans, leaving a considerable estate, consisting of real and personal property located in the town of Lumberton, Miss. On October 10, 1925, George Attaya filed a petition for letters of administration upon the estate of the deceased, and a decree was entered by the chancery court of Lamar county, appointing him as such administrator. He qualified by filing the proper oath and executing a bond in the sum of ten thousand dollars, and thereupon letters of administration were issued to him.

On November 9, 1925, thereafter, George J. Cajoleas filed a petition for the probate of the last will and testament of the said Constantine Scarlatos, deceased, this petition having been signed and sworn to in Pearl River county on November 7, 1925. With this petition there were filed two separate affidavits, dated November 7, 1925, in which the affiants were denominated the sub-

scribing witnesses to a certain instrument of writing purporting to be the last will and testament of Constantine Scarlatos, deceased, and in which it was averred that the said deceased, signed, published, and declared said instrument as his last will and testament on the 20th day of July, 1925, the date of the said instrument, in the presence of the affiants and other witnesses, but no copy of the purported will was attached to or in any way made a part of these affidavits. Also on the same day there was filed, along with the said petition and affidavits, an instrument purporting to be the last will and testament of Constantine Scarlatos, but neither this instrument nor a copy thereof was attached to or made an exhibit to the petition to probate, or the affidavits in support thereof.

On the same day a decree was entered by the chancellor in vacation, admitting to probate as the last will and testament of the deceased the instrument which had that day been filed among the papers in the case. In this decree, the application of Cajoleas for letters testamentary was continued until December 7th, and a separate decree was entered directing the clerk to issue process to George Attaya, adminstrator, to appear and show cause why he should not be removed as administrator and his letters of administration revoked, which citation was accordingly issued and served.

On December 7, 1925, the administrator filed an answer to the petition for probate and for his removal from office, which answer, under the new Chancery Practice Act, raised the legal sufficiency of the proceedings whereby the will had been admitted to probate, and at the request of the administrator's attorneys this answer was treated by the court as a demurrer to the proceedings for probate of the alleged will. In this answer the administrator denied that any proof whatever of said purported will had been offered, and averred that, although the said separate affidavits made reference to an alleged will of said deceased, still there was nothing whatever in said affi-

davits or attached thereto by which any particular instrument might be identified as the last will and testament of the said deceased, and that neither the petition for probate nor the affidavits filed in support thereof identfied any particular instrument as the said last will and testament. It further denied that the deceased did in fact leave a valid will and testament, and averred that the purported last will which had been offered for probate was false, fraudulent, and forged.

On December 7, 1925, the date fixed for further hearing on the application for letters testamentary, the entire matter was argued before the chancellor upon the legal questions raised by the petition for probate and the objections thereto in the answer of the administrator, and the matter was taken under advisement for decision by the chancellor. On December 22d, at a regular term of the court, the chancellor entered a decree vacating the vacation decree admitting the alleged will to probate, because the proofs which had been submitted on November 9th, on *ex parte* affidavits, were insufficient to justify the admission to probate of the instrument on file among the papers, for the reason that this instrument was not identified in the petition for probate nor in the affidavits in support thereof as being the last will and testament of the deceased referred to therein. The petition of Cajoleas for letters testamentary was also denied, but the decree provided that he might again present the alleged will for probate with such other and further proof and identificaton thereof as he might be able to furnish. On the same day, the petitioner, Cajoleas, filed a petition praying for an appeal to this court, and a decree was entered granting him an appeal to settle the principles of the case, but this appeal was never perfected.

Thereupon, on December 22, 1925, the administrator filed a *caveat* against the admission of said purported will to probate, in which it was averred that the said instrument was not the last will and testament of the de-

ceased; that the deceased had never at any time executed a last will and testament; and that the said purported will was, in fact, false, fraudulent, and forged.

On June 26, 1926, Cajoleas filed a demurrer to this *caveat,* on the ground principally that the said administrator had no such interest in the estate as would entitle him to contest the alleged will or to maintain an objection to the probation thereof, and on July 6, 1926, a decree was entered overruling this demurrer; whereupon, on July 15th, the said demurrants prayed for an appeal to this court, and filed the required bond to perfect this appeal from the decree overruling the demurrer to the *caveat.*

There appears, in the record immediately following the petition for probate of this alleged will, a certified copy of the proceedings of the civil district court of the parish of Orleans, admitting to probate the said alleged last will and testament, which copy of these proceedings is not made an exhibit to the petition, and appears to have been filed for the first time on December 22, 1925, the day on which the chancellor entered the decree denying the probate of the will.

Appellants first contend that the court below erred in revoking the decree which had been entered by the chancellor, on an *ex parte* hearing in vacation, admitting the alleged will to probate. This decree, which revoked the prior vacation decree, was rendered on December 22, 1925, during a regular term of the court. Upon the rendition of this decree, the appellants at once prayed for an appeal therefrom to settle the principles of the case. Section 35, Code of 1906 (section 10, Hemingway's Code), provides that:

"An appeal may be granted by the chancellor in term time, or in vacation, from any interlocutory order or decree whereby money is required to be paid, or the possession of property changed, or when he may think proper in order to settle the principles of the cause, or to

avoid expense and delay; but such appeal shall be applied for within ten days after the date of the order or decree complained of; and bond shall be given and approved as in appeals from a decree overruling a demurrer, and the chancellor shall determine whether the appeal shall operate as a *supersedas* or not;"—while section 34, Code of 1906, section 9, Hemingway's Code, which provides for appeals from decrees overruling demurrers, provides that:

"Such appeal must be applied for, and bond given, within ten days after the demurrer is overruled, if in term time, and if decided in vacation within thirty days after the decree is filed in the proper office."

"Chapter 151, Laws 1924, which repealed sections 34 and 35, Code 1906 (sections 9 and 10, Hemingway's Code), provides in section 17 thereof that; 'Section 17. An appeal may in sound discretion be granted by the chancellor in term time, or in vacation, from any interlocutory order or decree whereby money is required to be paid, or the possession of property changed, or when having sustained or overruled a demurrer or motion he may think an appeal proper in order to settle all the controlling principles involved in the cause, or in exceptional cases to avoid expense and delay; but such appeal must be applied for and bond given within thirty days after the order or decree appealed from is filed in the proper office whether the decision be in term time or in vacation. Such appeal, if allowed, must be allowed by the court or chancellor, and he shall determine whether the appeal shall operate as a *supersedeas* or not, but the appeal bond may be approved by the court or chancellor, or the clerk; but in case such an appeal is refused by the chancellor, it may nevertheless be allowed by a judge of the supreme court as provided in section 4908, Mississippi Code of 1906.'"

In the case at bar, the appeal granted by the chancellor to settle the principles of law involved was never per-

fected by the filing of the required bond, but, on the contrary, six months later the appellants contested the administrator's *caveat* against the probate of the will by demurring thereto. Upon the overruling of this demurrer, they prayed for and were granted an appeal from the decree overruling it, and thereupon perfected this appeal by executing a bond in the sum of five hundred dollars, conditioned as follows:

"The condition of the foregoing obligation is such that, whereas in chancery court of Lamar county, on the 9th day of July, 1926, a decree was rendered adjudging that the demurrer of the principals herein be overruled, and said principals feeling aggrieved by said decree, have prayed and obtained an appeal to the supreme court. . . ."

This was simply an appeal from an interlocutory decree overruling a demurrer to the *caveat,* and does not present for decision the question of the correctness of the action of the chancellor in admitting to probate, in vacation, the purported will and afterwards, during a regular term of court, vacating the said vacation decree on the ground that it appeared on the face of the record that the alleged will had been admitted to probate upon improper or insufficient proof, and upon that question we express no opinion.

The demurrer to the *caveat* filed by the administrator presented the question of whether or not an administrator of an estate, who has qualified and entered upon the duties of the office, may contest a will afterwards presented for probate, and on this appeal that is the only question necessary to be decided. On statutes very similar to those of this state, the authorities seem to be in conflict, and we have found no case, and have been cited to none, in this state, which decided the exact point. We have two statutes bearing upon the right to contest the probate of a will; the first one providing for such a contest before probate, and the other for contest after the

probation of the will. Section 1990, Code of 1906 (section 1655, Hemingway's Code), provides that any one desiring to contest a will presented for probate may do so before probate by entering in the clerk's office, in which it shall be presented, his objection to the probate thereof, and causing all parties interested and who do not join him in such objection to be made parties defendant; and thereupon the issue *devisavit vel non* shall be made up and tried, etc. Section 1997, Code of 1906 (section 1662, Hemingway's Code), provides that any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice, and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not. It will be noted that the first of these statutes provides that before probate, "any one desiring to contest a will" may do so, while the second provides that, after probate, "any person interested may" contest the probate of the will. It is contended that under the first of these sections any person may file a contest, although he may have no interest, financial or otherwise, in the estate, but we do not think it can be so construed. While the language is "any one," we think this was intended to and should be construed as meaning any one interested in the estate. It is inconceivable that the legislature intended to authorize a mere stranger or interloper, who has no interest whatever in the estate, to contest a will, and it was manifestly intended to limit the right to contest in either event to one interested in the state.

In the case of *Hoskins* v. *Holmes County Community Hospital,* 135 Miss. 89, 99 So. 570, in construing these statutes, it was held that "the words 'interested parties' in the statute means parties who have a pecuniary interest in the subject of the contest," and further that an executor was not a necessary party to a contest of a will.

In the case of *Selden* v. *Illinois Trust & Savings Bank,* 239 Ill. 67, 87 N. E. 860, 130 Am. St. Rep. 180, it was held that the words, "any person interested," in the statute designating who may contest a will, mean those who have a direct pecuniary interest existing at the time of the probate of the will and detrimentally affected thereby. And in a note to this case in the American State Report, after reviewing the authorities upon the subject, the author adopts, as the clearest and most comprehensive statement of the rule deducible from all the authorities, the statement of the Tennessee court in the case of *Bowers* v. *McGavock,* 114 Tenn. 438, 85 S. W. 893, as follows:

"No one can question the validity of a will or any provision of it, unless he stands in such relation to the testator that, in the event the provision is invalid, he will be entitled, . . . to an interest in the property involved in the controverted provision."

In the case of *Harris* v. *Harris,* 61 Ind. 117, it was held that:

"The administrator of a decedent, even in the case of a domestic will, could not maintain an action to contest the validity, and resist or set aside the probate, of such will."

In the case of *Fallon* v. *Fallon,* 107 Iowa, 120, 77 N. W. 575, it was held that:

"The right of administration conferred by statute first on the widow did not of itself give her such an interest in the estate as entitled her to contest the will."

*In re Sanborn,* 98 Cal. 103, 32 P. 865, it was held that the public administrator had no right to contest the probate of a will, the court there saying that:

"The probate of a will can be contested only upon 'written grounds of opposition' filed by a 'person interested'—that is, interested in the estate, and not in the mere fees of an administration thereof."

There is authority for the opposite view, and as said by the author of the note appended to the case of *Braeuel* v. *Reuther,* 270 Mo. 603, 193 S. W. 283, L. R. A. 1918A, 444, Ann. Cas. 1918B, 533, the decisions upon this question are irreconcilable. As illustrative of the line of decisions holding that the administrator may contest a will is the case of *In re Davis* (1905), 182 N. Y. 468, 75 N. E. 530, in which it was held that an administrator might contest under a statute which authorized a contest by "any person interested, as devisee, legatee, or otherwise, in a will or codicil," etc.; the court there saying that the administrator's personal interest to the extent of his fees for services already rendered, together with his interest as the representative of others, made him such an interested party as to entitled him to contest.

We think, however, that the sounder view is that the administrator is not interested in the estate within the purview of the statute giving the right to contest to an "interested party," and that it is the affair of the heirs or other interested parties, as such, to contest, if they desire, the probate of the document, not of the administrator. As was said in the case of *Hoskins* v. *Holmes County Community Hospital, supra,* in which the holding of the court in the case of *Kelly* v. *Davis,* 37 Miss. 76, in reference to the duty of an executor to contest a subsequent will, was reviewed, the administrator may and "his duty is to notify the beneficiaries under the will that they may take appropriate action to protect their interest."

The decree of the court below will therefore be reversed, and a decree will be entered here sustaining the demurrer to the caveat, and dismissing it.

Reversed, and decree here for the appellant.

*Reversed.*