ALICE M. REED *vs.* HOME NATIONAL BANK OF BROCKTON
& others.

Plymouth.    December 7, 1936. — May 10, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Probate Court*, Parties.    *Trust*, Right of trustee named in earlier will to
contest later will.    *Executor and Administrator*, Right of executor
named in earlier will to contest later will.

A trustee named in an earlier will is entitled as of right to contest a later
will.

An executor named in an earlier will has no standing to contest a later
will.    LUMMUS & QUA, JJ., dissenting.

PETITION, filed in the Probate Court for the county of
Plymouth on December 12, 1935, for proof of a will.

Motions to strike out the appearances of Home National
Bank of Brockton, as executor and as trustee named in an
earlier will, were heard and allowed by *Poland*, J.   The bank
appealed.

The case was argued at the bar in December, 1936, before
*Rugg*, C.J., *Pierce, Field, Donahue,* & *Qua*, JJ., and after-
wards was submitted on briefs to all the Justices except
*Crosby*, J.

*J. R. Wheatley,* for the respondent Home National Bank
of Brockton.

*C. G. Willard,* (*W. J. Callahan* with him,) for the peti-
tioner.

QUA, J.   The Probate Court has stricken out the appear-
ances of Home National Bank of Brockton in opposition
to the allowance of a paper offered for probate as the will
of Arthur B. Reed, dated December 27, 1934.   The bank is
named both as executor and as trustee in an earlier alleged
will of said Reed, dated November 6, 1931.   It seeks to
appear in each capacity.   The will now offered for probate
gives practically the entire estate to the testator's widow.
The earlier will contains certain legacies not included in the

later one and a trust of the residue for various beneficiaries, including the widow, but also including persons not mentioned in the later will.

1. It has never been decided in this Commonwealth whether a trustee named in an earlier will may contest a later will. In *Conley* v. *Fenelon*, 266 Mass. 340, 344, it was said in discussing the awarding by the court of counsel fees that no persons other than the executors named in the instrument offered for probate and the heirs at law of the decedent rightly are parties to a will contest, with an exception not now material, "or where a legatee under a prior will is given less or nothing under the instrument in question." It would seem that the present case is within the exception quoted.

It is obvious enough that no one has any presently ascertained property right in assets which may be affected by a will not yet proved. But it is equally obvious that in order to secure possible rights and to prevent fraud some opportunity must be afforded for a hearing to those claiming under an earlier will. Otherwise heirs of the deceased, seeing two or more wills ahead of them, would hardly undertake the burden of a contest, and the purported will bearing the latest date would pass without challenge. In recognition of this situation it was held in *Crowell* v. *Davis*, 233 Mass. 136, that a legatee under an earlier will is entitled to contest a later one. Such right is necessarily based upon the possible or potential interest created by the earlier will. When an ordinary legatee is thus allowed to appear, it would seem strange to deny a similar right to a trustee named in the earlier will. The potential interest of a trustee is as important and as real as that of a legatee. In fact a trustee is a legatee, and he takes legal title as such. If the earlier will is eventually allowed, the trustee will at once become the sole representative before the law of all the beneficiaries of the trust. It is immaterial to the present issue that his interest will then be representative and not personal in character. In *Smith* v. *Sherman*, 4 Cush. 408, 411, this court said: "A party is held by law to be aggrieved, whose rights and interests are necessarily affected

by the decree. . . . And this is equally true, whether the rights to be affected are those which the party has in a personal or representative capacity." In *Smith* v. *Bradstreet*, 16 Pick. 264, an attaching creditor of an heir of the testator was allowed to appeal from a decree admitting a will to probate. See *Hogarth-Swann* v. *Weed*, 274 Mass. 125. The only case which we have seen in which the right of the trustee to appear has been passed upon allows him to appear. *Johnston* v. *Willis*, 147 Md. 237.

We see no inconsistency in allowing persons named as legatees and as trustees and as *cestuis que trust* to appear as contestants in the same contest, if they desire to do so. The conscience of the person named as trustee is not bound by the conduct of others. He may choose to carry out what he believes to be the true wish of the testator. The question at that stage has nothing to do with the respective positions of the contestants in relation to each other. It is enough if each party attempting to appear shows a legitimate potential property interest derivable from the earlier will justifying his presence. See *Bonnemort* v. *Gill*, 167 Mass. 338. We think that as a general rule all such persons named in a paper signed by the testator and appearing on its face to be an earlier will, if they desire to act, are entitled as of right to appear in opposition to the probate of a paper purporting to be a later will. There is nothing to the contrary in *Pattee* v. *Stetson*, 170 Mass. 93, *Old Colony Trust Co.* v. *Bailey*, 202 Mass. 283, or *Blinn* v. *Pillsbury*, 252 Mass. 197.

In the opinion of a majority of the court the Probate Court was in error in striking out the appearance of Home National Bank of Brockton in its capacity as trustee.

2. The question remains whether the bank should have been allowed to appear in its capacity as executor. A similar question was expressly left open in *Hutchings* v. *Davis*, 232 Mass. 525, and again in *Olney* v. *Sheppard*, 275 Mass. 496. In *Sheppard* v. *Olney*, 271 Mass. 424, an appeal by the executor of a former will from the denial of jury issues was heard and decided, no question being raised as to the right of the contestant to appear. Mr. Justice Lum-

mus and the writer of this opinion believe that no substantial difference exists between the position of a person named as executor in an earlier will and a person named as trustee and that the same considerations which permit the trustee to appear in opposition to the probate of a later will should also permit the executor to appear. But a majority of the court are of the opinion that the executor cannot be allowed to appear; that unlike a trustee (see *Parker* v. *Sears*, 117 Mass. 513, 522), he is not a legatee, but takes title by virtue of his appointment as executor by the Probate Court (see G. L. [Ter. Ed.] c. 192, § 4; *Commonwealth-Atlantic National Bank of Boston, petitioner*, 249 Mass. 440, 445; *Worcester County National Bank, petitioner*, 263 Mass. 444, 454; *S. C.* 279 U. S. 347, 359), and so cannot rightly be said to have any pecuniary interest or personal right or any duty to perform which gives him any standing as a contestant. The possibility of his receiving fees as executor is not enough. *Ensign* v. *Faxon*, 224 Mass. 145, 150.

The authorities on this point in other jurisdictions are conflicting, some allowing and some denying the right of the executor to appear. Many are collected in L. R. A. 1918 A, 467, note *n*. *Johnston* v. *Willis*, 147 Md. 237, makes a distinction between the executor and the trustee, denying the right of the former and allowing that of the latter. See also *Wiggin* v. *Swett*, 6 Met. 194, 198; *Smith* v. *Sherman*, 4 Cush. 408, and *Edwards* v. *Ela*, 5 Allen, 87.

The result is that the order of the Probate Court allowing the petitioner's motion to strike out the appearance of the Home National Bank of Brockton as trustee is reversed, and the order allowing the petitioner's motion to strike out the appearance of the bank as executor is affirmed.

*Ordered accordingly.*