[No. 28463. Department One. May 18, 1942.]

*In the Matter of the Estate of* JULIA E. O'BRIEN, *Deceased.*

JOHN S. LYNCH, SR., *Respondent,* v. LESTER P. O'BRIEN *et al., Appellants.*[1]

*Thomas L. O'Leary* and *Ernest L. Meyer,* for appellants.

*Harry Ellsworth Foster* and *John S. Lynch, Jr.,* for respondent.

[1]Reported in 126 P. (2d) 47.

DRIVER, J.—Julia E. O'Brien died February 19, 1940, leaving a will dated October 13, 1938. By order of the superior court, the will was admitted to probate, and the appointment of Lester P. O'Brien and Irene O'Brien, the joint executor and executrix nominated therein, was confirmed. Within six months thereafter, John S. Lynch, Sr., filed a petition contesting the will on the grounds that its execution had been induced by undue influence, and that the testatrix had lacked testamentary capacity. The contestant also presented for probate a will of the decedent executed in 1931, which named him as an executor. He was not related to the testatrix, nor was he a legatee or devisee under either will. The disposition of the estate under the provisions of the later will was substantially different from that of the earlier one. The court found for the contestant on the issue of mental incapacity of the testatrix and against him as to undue influence. From a decree revoking the probate of the later will and admitting the prior will to probate, the joint executor and executrix have appealed.

At the very outset, we encounter appellants' contention that respondent was not a proper person to wage a will contest under Rem. Rev. Stat., § 1385 [P. C. § 10017], which provides that:

"If any person interested in any will shall appear within six months immediately following the probate or rejection thereof, and by petition to the superior court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof."

Specifically, the question presented by appellants' contention is this: Was respondent, as an executor named in the earlier will, authorized to contest the

later will as a "person interested" within the meaning of the statute? The question has never before been passed upon by this court, and, as both parties to the present appeal agree, the cases from other jurisdictions are in hopeless conflict.

Generally, it has been held, not only under statutes such as ours, but also in the absence of statute, that, to contest a will, a person must have an interest therein, and that this interest must be a direct, pecuniary one. In other words, the contestant must stand to lose directly in a financial way if the will which he seeks to attack is permitted to stand.

"The usual statutory provision, both in relation to opposition of probate in the first instance and petition to revoke probate or to contest after probate, is that 'any person interested' may contest the will or the probate thereof. It is an elementary proposition that the only persons authorized to contest or seek revocation of the probate of a will are those who, but for the will, would succeed in some degree to the decedent's estate. That 'interest' which gives one standing to contest a will must be direct and pecuniary and such as to be affected by the probate of the will. It must also be an existing interest, and not merely one which may subsequently be acquired." 1 Bancroft's Probate Practice, p. 312, § 171.

The following well-worded definition of "person interested" is quoted from the opinion in *Petitt v. Morton* (1928), 28 Ohio App. 227, 235, 162 N. E. 627:

". . . a 'person interested' is one who has a direct, immediate, and legally ascertained pecuniary interest in the devolution of the testator's estate, such as would be impaired or defeated by the probate of the will or benefited by the declaration that it is invalid. The pecuniary interest must be direct and not of a sentimental nature, and it must have the characteristics of a property right and not of a mere personal privilege."

Practically without exception, the courts have held that the heirs and next of kin of the testator and devisees and legatees under a prior will are authorized to wage a contest as persons interested in the putative will, but there has been sharp disagreement as to whether or not an executor under a prior will or a previously appointed administrator is eligible.

In the case of *In re Estate of Stewart* (1898), 107 Iowa 117, 77 N. W. 574, the supreme court of Iowa held that the executors named in a will could not contest a codicil appointing other executors. The court said, p. 118:

"The fact that an executor is to receive compensation out of the estate cannot be said to give him an interest therein, for he gets this only in return for services rendered. He is expected to give full value therefor. It is claimed, however, by appellants, that an executor has, by virtue of his office, a property interest in the personal estate. Any such interest is a mere naked trust upon which no such right as that here claimed can be predicated."

This language was quoted with approval by the Maryland court of appeals in *Helfrich v. Yockel* (1923), 143 Md. 371, 122 Atl. 360, 31 A. L. R. 323. In that case, also, it was held that an executor did not have sufficient interest to contest the probate of a codicil to a will.

In the following cases, it was held that an executor under an earlier will cannot caveat, or contest, a later will: *Johnston v. Willis* (1925), 147 Md. 237, 127 Atl. 862; *Reed v. Home Nat. Bank* (1937), 297 Mass. 222, 8 N. E. (2d) 601, 112 A. L. R. 657; *Morgan v. Dietrich* (1940), 178 Md. 66, 12 A. (2d) 199.

In each of these cases, however, the court concluded that a trustee named in the earlier will could prosecute a contest. The basic reason for making the distinction seems to be that a testamentary trustee has a more substantial interest than an executor under an earlier

will; that the trustee is clothed with title, and, in the language of *Reed v. Home Nat. Bank, supra,* "In fact a trustee is a legatee, and he takes legal title as such." The executors named in a will and an additional executor named in a codicil, it has been held, cannot submit to arbitration the question whether the testator had sufficient mental capacity to execute the codicil, as the codicil may be declared invalid only in a will contest action waged by a person or persons having some pecuniary interest in the property of the estate. *In re Meredith's Estate* (1936), 275 Mich. 278, 266 N. W. 351, 104 A. L. R. 348. Some courts have gone so far as to hold that the administrator of an estate, who has been appointed and has qualified and assumed the duties of his office, cannot contest a will of his decedent presented for probate subsequent to his appointment. *Cajoleas v. Attaya* (1927), 145 Miss. 436, 111 So. 359, 58 A. L. R. 1457; *Austin v. Patrick* (1937), 179 Miss. 718, 176 So. 714; *Estate of Miller* (1939), 54 Ariz. 58, 92 P. (2d) 335.

In the *Cajoleas* case, after referring to the conflict of authority on the question, the court said, p. 448:

"We think, however, that the sounder view is that the administrator is not interested in the estate within the purview of the statute giving the right to contest to an 'interested party,' and that it is the affair of the heirs or other interested parties, as such, to contest, if they desire, the probate of the document, not of the administrator. As was said in the case of *Hoskins v. Holmes County Community Hospital, supra* [135 Miss. 89, 99 So. 570], in which the holding of the court in the case of *Kelly v. Davis,* 37 Miss. 76, in reference to the duty of an executor to contest a subsequent will, was reviewed, the administrator may and 'his duty is to notify the beneficiaries under the will that they may take appropriate action to protect their interest.'"

In *State ex rel. Eakins v. District Court* (1906), 34 Mont. 226, 85 Pac. 1022, it was held that a public ad-

ministrator does not have such an interest in the estate of a deceased person as to entitle him to offer objection to the probate of the decedent's will.

We turn now to an examination of the cases cited by respondent on the question under consideration.

*Matter of Greeley's Will* (1873), 15 Abb. Prac. (N. S.) 393, was a proceeding before a New York surrogate. After a will had been propounded for probate, the executors named in an earlier will presented it, and claimed that the later one was void for lack of testamentary capacity. The two causes were consolidated, and it was held that the executors under the prior will were entitled to oppose admission to probate of the subsequently executed one. The movable goods of the testator vested upon his death in whichever executor ultimately succeeded in establishing, as the testator's valid last will, the will in which he was named, the surrogate reasoned; and, therefore, the proponents and contestants of the later will were, in effect, trying their alleged titles.

In *In re Browning's Will* (1937), 274 N. Y. 508, 10 N. E. (2d) 522, the New York court of appeals held that an executor named in a will was entitled to contest a second codicil as a "person interested" within the meaning of the surrogate's court act. However, the pertinent section of that act, as summarized in the opinion, provided that any person interested as devisee, legatee, *executor*, testamentary trustee, or guardian in any other will or codicil alleged to have been made by the same testator, and not duly revoked by him, could file objections to probate. Thus, in that case, the governing New York statute *expressly* authorized an executor to wage a will contest.

*In re Chapin's Estate* (1938), 167 Misc. 388, 3 N. Y. S. (2d) 932, also was a proceeding in a New York surrogate's court. There, after making her will, the testa-

trix executed a codicil by which she forgave one of her
sons his indebtedness to her. The executor named in
the will presented it for probate, but stated in his peti-
tion that he was not asking for probate of the codicil,
which had previously been filed, since he considered
it invalid. The son favored by the codicil, by motion,
sought to compel the executor to offer the codicil for
probate. The surrogate held that the executor was not
obliged to do so—that he could propound the will and
impose upon the one benefited thereby the burden of
establishing the validity of the putative codicil. Even
if it be regarded as a will contest, the case is factually
distinguishable for the reason that two of the four
children who were the residuaries of the testatrix, by
signed statements attached to the petition, joined in
support of the executor in his offer of the will only,
without the codicil.

In re Murphy's Estate (1922), 153 Minn. 60, 189 N.
W. 413. There, the Minnesota supreme court squarely
held that the executors nominated in a will could con-
test a later will. The court said that, whatever might
have been the rule elsewhere, it was well settled in
Minnesota that the executors named in a will had such
a representative interest therein as to entitle them to
appear as its champions in the courts of the state—that
they were, in legal effect, in the same position as the
legatees in a prior will.

In Connelly v. Sullivan (1893), 50 Ill. App. 627, a de-
cision of the first district appellate court of Illinois,
after a will had been probated, a later will was offered
and admitted to probate. The court held that the ex-
ecutor named in the first will was entitled to appeal
from the probate of the second one, as it took from him
the office of executor. The court assigned no reason
for its holding other than to ground it upon two prior
cases in which the Illinois supreme court considered,

on their merits, cases in which appeals were taken from probates of wills by administrators who had been appointed before the wills were offered for probate.

In *In re Langley's Estate* (1903), 140 Cal. 126, 73 Pac. 824, an executor named in a prior will was permitted to contest the probate of a later one, *but a legatee in the prior will joined with him in the contest.* The court did not distinguish between the two contestants, but referred to them in the opinion as the claimants. The point the court decided there was that the claimants could wage the contest of the later will without first having the prior one probated.

Of the cases cited by respondent and thus far reviewed by us, only three may be said to support the proposition that an executor under a prior will has sufficient interest in a later will of the same testator to initiate a contest against it. Of those three decisions, only one, the Minnesota case, was by a court of last resort, and that one only was decided subsequent to 1893.

Respondent has cited two other cases in each of which it was held that one to whom letters of administration had been issued could contest a will subsequently produced for probate: *In the Matter of the Will of Cornelius* (1854), 14 Ark. 675; and *Matter of Davis* (1905), 182 N. Y. 468, 75 N. E. 530. The reasoning underlying the New York case is stated in the opinion as follows, p. 473:

"As was said by the learned surrogate in his opinion, 'the right to administer the estate is a sufficient interest in this state to entitle the person in whom it is vested to contest the probate of a will.' The administrator in California was authorized by a decree of the proper court in that state to take possession of the assets of the deceased in his county, to convert them into money and to distribute the proceeds according to law. That decree was granted before any application had been

made to prove the will. The assets were of great value and the administrator had a personal interest to the extent of his fees *for services already rendered,* and a much more important interest as the representative of others, for if there was no will, he had exclusive jurisdiction and control of all the personal property of the decedent in the county of Fresno, California, for the purpose of administration. He represented the beneficiaries, who were the substantial owners of the property. Probate of a will, however, would deprive him of power to administer and leave the validity of all his acts before he heard that there was a will open to question." (Italics ours.)

In his brief, respondent has quoted certain general language from the opinion of *Ingersoll v. Gourley,* 72 Wash. 462, 130 Pac. 743, but the question we now have under consideration was not involved in that case. There, during the pendency of a will contest action, one of the contestants, the mother and sole heir at law of the testator, died. The question was whether her administrator was entitled to be substituted in her place as a party to the contest. This court held that, since the right to contest a will is an assignable right, it survives, and may be prosecuted in the name of the personal representative or successor in interest of a deceased person originally entitled to contest. It is worthy of note, moreover, that the following excerpt from *Bloor v. Platt,* 78 Ohio St. 46, 84 N. E. 604, is quoted in the opinion, p. 468:

" 'Any person who has such *a direct, immediate and legally ascertained pecuniary interest* in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will, is "a person interested." ' " (Italics ours.)

There are certain statutory provisions of this state, with reference to the probate and contest of wills, which, we think, have a material bearing on our

present problem. Under our probate code, a will is first submitted for probate and is either admitted or rejected upon an *ex parte* hearing, without notice (Rem. Rev. Stat., § 1380 [P. C. § 10049]). If the will is probated, it may then be contested within a period of six months after its admission by any person interested therein (Rem. Rev. Stat., § 1385, *supra*). An order probating a will is *prima facie* evidence of its legality (Rem. Rev. Stat., § 1387), and an executor appointed thereunder retains his powers until the will has been annulled (Rem. Rev. Stat., § 1388 [P. C. §10020]).

This court held, in *In re Hyde's Estate,* 190 Wash. 88, 66 P. (2d) 856, that, before its admission to probate, a will is not competent evidence as.a muniment of title. We there said, p. 92, that

"Our probate statutes, however, have changed all this [the rule at common law], and a will is no longer effective for any purpose until it has been formally established by probate."

In this state, then, when a will contest is instituted, the will under attack has been admitted to probate, and the executor thereunder is the legal representative of the decedent, clothed with full powers and entitled to take possession of, and to exercise jurisdiction and control over, all the property of the estate. And that situation continues until, by order of the court, the will has been revoked. On the other hand, an executor named in a prior will of the same decedent has no such rights or powers. He is not entitled to act in a representative capacity with reference to the decedent's estate, because the will, the source of his authority, has no vitality or effectiveness for any purpose prior to its admission to probate.

The cases which hold that a duly appointed and acting administrator, in his representative capacity as legal custodian of the decedent's property, has the

right to resist the probate of a will, are not apposite in the instant case. Under our statutes, if an executor under a prior will is to be regarded as a "person interested," it must be by virtue of his having, in his own behalf, a pecuniary interest in the way of prospective executor's fees, rather than in any representative capacity, comparable to that of an appointed and qualified administrator.

In this connection, it should be noted that the basic reasoning of the cases supporting appellants' contention, briefly stated, is as follows:

To contest a will, one must have a direct, pecuniary interest therein. An executor under a prior will has no interest other than the prospect of receiving compensation for his services, and that interest is not a direct, pecuniary one because, even if the prior will should be established, the executor would take no part of the decedent's estate thereunder, the fees which he would receive being, in theory at least, the exact equivalent of the value of the services to be rendered by him. This reasoning is peculiarly and persuasively germane under our probate code, which allows the executor or administrator only a reasonable fee, to be fixed by the court at the termination of his employment, rather than a set statutory commission, as is the case in many jurisdictions. Prior to the adoption of our present probate code in 1917, an executor or administrator was allowed a fixed commission on the whole estate accounted for by him of 7% of the first one thousand dollars; 5% of the next one thousand dollars; and 4% of the balance. Laws of 1854, p. 295, § 166. 2 H. C., § 1056. Rem. Code, § 1549.

Under such a statutory commission system—and it was quite common in the earlier probate codes—it would have been rather a forced presumption that an executor's or administrator's compensation always ex-

actly equalled the value of his services. This may readily be seen if we imagine the case of a decedent, without indebtedness, leaving an estate of, let us say, five hundred thousand dollars, all in cash or government bonds, to be administered under the prior law. But, under our present statute, Rem. Rev. Stat., § 1528 [P. C. § 9790], where no compensation has been provided by the will (none was provided by the prior will in this case), an executor is allowed such compensation "as to the court shall seem just and reasonable, based on the services rendered; . . . " Thus, in this state, the proposition that the executor receives only the value of his services is not merely a theory. It is a clearly defined statutory rule, judicially administered. In each case, the executor is allowed the amount which the probate court finds, and adjudges to be, the reasonable value of his services.

In practical application, the rule precluding an executor under a prior will from prosecuting a contest should not prove unduly restrictive. Our statute allows six months after probate of a will in which to contest its validity. An executor named in a prior will has ample time in which to give notice to the devisees and legatees, and thus afford them an opportunity to act should they care to do so. If such executor considers the later will invalid for any reason, it should not be difficult for him to persuade one of them to join with him in the contest petition. And if none of the beneficiaries under the prior will are interested, if all have waived or are desirous of foregoing their right to contest the later will, it would seem that the executor should not be permitted to proceed contrary to their wishes. Sometimes it happens that a later will makes no change at all in the disposition of the testator's estate, but merely nominates a different executor. In such a case, why should the estate be

burdened by will contest proceedings for the sole purpose of determining which of two rival claimants shall be permitted to act as executor?

It is our conclusion that, when the cases are carefully scrutinized and closely analyzed in the light of the pertinent provisions of our probate code, both the weight of authority and the better reasoning favor the rule that a will contest cannot be initiated by an executor named in a prior will. Having reached this conclusion, it is not necessary for us to consider appellants' second assignment of error; namely, that the trial court erred in finding that the testatrix lacked testamentary capacity at the time of the execution of the later will.

The decree of the superior court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

ROBINSON, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.