Proceeding by M.L. Stephens, as executor of the first of two wills of Marie L. Buckner Barret, deceased, and another, for revocation of the probate of the second will and for probate of the first will. From a decree affirming a probate court order dismissing the petition as to the executor on the motion of Adele Hart Barret, as executrix under the second will, the executor appeals.
Affirmed.
Marie L. Buckner Barret died in St. Augustine, Florida, April 5, 1947. On March 1, 1946 she executed her will in which she made bequests to numerous friends and relatives and designated Trinity Episcopal Church as her residuary legatee. Appellant M.L. Stephens was named executor of this will which will hereafter be referred to as the first will. On May 22, 1946, she executed a second will in which she bequeathed Trinity Episcopal Church $2000.00 and designated Adele Hart Barret her residuary legatee and executrix of her estate.
On April 7, 1947 Adele Hart Barret (no relation to the testatrix) filed her petition in the Probate Court, praying that the second will be probated. An order of probate was entered and letters testamentary were issued to Adele Hart Barret on the same date petition to probate was filed. October 3, 1947 M.L. Stephens and Trinity Episcopal Church filed petition for revocation of the probate of the second will and for probate of the first will as the true last will and testament of the testatrix. This petition is grounded on the theory that the second will was induced by fraud and undue influence over the testatrix during her last illness (syringo-myelia and pernicious anemia) and was prepared by the attorney of the residuary legatee.
Adele Hart Barret filed her answer to this petition in which she incorporated a motion to dismiss as to M.L. Stephens and a motion to strike so much of the petition as related to the probate of the first will. The probate judge granted the motion to dismiss as to M.L. Stephens but denied the motion to strike as to the probate of the first will. On appeal by Stephens and cross-appeal by Adele Hart Barret the Circuit Court affirmed the Probate Court in each and every respect. This appeal is by Stephens from that part of the Circuit Court's order affirming the order of the Probate Court dismissing the petition to probate the first will as to him. Adele Hart Barret filed cross-assignments of error in which she contends that the Circuit Court committed error in affirming the order of the Probate Court refusing to strike the petition for probate of the first will, while the probate of the second will remained unrevoked.
The first question for determination is whether or not the Circuit Court committed error in affirming the order of the Probate Court dismissing, as to Stephens, the petition to revoke the probate of the second will and to probate the first will as the true last will and testament of Marie L. Buckner Barret.
We think paragraph nine, Section 3 of the Probate Act now Section 731.03, Florida Statutes 1941, F.S.A., and Meyer and Meyer v. Fogg, 7 Fla. 292, 68 Am.Dec. 441 and In re Dana's Estate (Dana v. Drumright et al.), 138 Fla. 676, 190 So. 52; Drumright v. Dana, 138 Fla. 672, *Page 127 190 So. 54, require a negative answer to this question. The decided weight of authority in other jurisdictions is to like effect. Helfrich v. Yockel, 143 Md. 371, 122 A. 360, 31 A.L.R. 323; Cajoleas v. Attaya, 145 Miss. 436, 111 So. 359, 58 A.L.R. 1457; In re O'Brien's Estate, 13 Wn.2d 581, 126 P.2d 47; Reed v. Home National Bank, 297 Mass. 222, 8 N.E.2d 601, 112 A.L.R. 657. There are some cases from other jurisdictions to the contrary but they are predicated on statutory provisions or other holdings peculiar to these States. The better reasoned cases support the rule approved here.
The second and only other question presented is whether or not the Circuit Court committed error in affirming the order of the Probate Court denying the motion to strike the petition to probate the first will as the true last will and testament of the testatrix.
Section 67 of the Probate Act, now Section 732.30, Florida Statutes 1941, F.S.A., gives Trinity Episcopal Church as legatee under the first will the right to seek revocation of the second will. The real controversy here is between Trinity Episcopal Church as residuary legatee under the first will and Adele Hart Barret as residuary legatee under the second will. Ordinarily it might be inconsistent to litigate the petition to probate the first will along with a petition to revoke the probate of the second will but in this case it appears that if the evidence in support of the petition to revoke the probate of the second will is successful it would automatically admit the second will to probate.
There is nothing inconsistent in one and the same petition seeking to revoke the probate of the second will and at the same time asking for probate of the first will. The second will by its terms revokes all other wills, but if it is shown to have been induced by fraud, undue influence or overreaching, then the first will comes up for probate. If this cannot be shown then there is no basis on which the first will can be probated. After all there is no reason why it should not remain au courant for this period.
When the semantic confusion is swept aside the pleadings as a whole reveal the sole question of which will is entitled to probate as the true last will of the testatrix. This question turns on whether or not the second will was obtained through undue influence. When this is determined the way is clear and while this is being done, no one's position is prejudiced and no energy expended in jockeying for position will affect it. The situation would have been no different if the first will had been probated. There would have still been the question of the bona fides of the second will.
It follows that the decree appealed from is affirmed in both aspects.
Affirmed.
ADAMS, C.J., CHAPMAN, THOMAS and HOBSON, JJ., concur.
SEBRING and BARNS, JJ., concur specially.