# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of: | No. 85373-2 |
| ROBERT R. PARMAN, | DIVISION ONE |
| Deceased. | UNPUBLISHED OPINION |

FELDMAN, J. — Elizabeth Bartlett appeals a trial court order denying her verified petition for probate of lost will (Petition), awarding the personal representative of the Estate of Robert Parman (Estate) attorney fees and costs totaling $5,722.98, and ordering her to file a separate motion requesting that the Petition be sealed. We reverse the trial court's order requiring Parman to file a motion requesting that the Petition be sealed, but in all other respects we affirm.

**I**

Elizabeth Bartlett (Bartlett) and Shawn Parman (Shawn) were married from 1986-2017. Shawn's parents were Robert and Ruth Parman, both now deceased (Robert in 2005 and Ruth in 2019).[1] After Robert died, Shawn was appointed personal representative of the Estate. On October 28, 2021, Shawn filed a declaration of completion of probate in which he represented under oath that

---

[1] Because this matter involves Robert, Ruth, and Shawn Parman, we refer to each by their first name to avoid confusion.

Robert died intestate with 100 percent of the distributive shares going to Ruth's estate.

The Estate's relationship with Bartlett has been contentious. In October 2020, Bartlett filed a creditor's claim against the Estate seeking approximately $375,000 for her contributions to the property known as the Renata Lane Property. The Estate denied her claim, Bartlett sued, and the trial court dismissed Bartlett's lawsuit. Division 2 of this court affirmed the trial court's decision.[2]

Bartlett also disputes Shawn's declaration that Robert died intestate. To that end, on October 22, 2021, Bartlett's attorney, Dan Young, telephoned the Althauser Rayan Abbarno law firm, which had performed legal services for Robert and his parents in probate matters, and requested a copy of Robert's will. Despite Shawn's sworn declaration that Robert had died intestate, the law firm sent Young a copy of the requested will (the Discovered Will) on November 9, 2021.

The Discovered Will appears to be signed and initialed by Robert, signed and initialed by two witnesses, and properly notarized. It mentions Bartlett in a single provision, which reads as follows:

> I give the residue of my estate, of whatsoever nature and wheresoever located, to my spouse, RUTH MARIE PARMAN, if my spouse survives me by a period of ninety (90) days, and *in the event that my spouse does not so survive me*, I give fifty percent (50%) of the following described real estate to my daughter-in-law, ELIZABETH [BARTLETT[3]], to wit:
>
> . . . [the property] Commonly known as 6414 Renata Ln SW, Olympia, Washington 98512.

---

[2] *Bartlett v. Estate of Parman*, No. 56536-6-II, unpublished (Wash. Ct. 2022), https://www.courts.wa.gov/opinions/pdf/D2%2056536-6-II%20Unpublished%20Opinion.pdf.
[3] The will refers to Bartlett by her maiden name, which was Elizabeth Morrow.

(Emphasis added.) As the italicized text shows, Bartlett would have received 50 percent of the Renata Lane Property under the Discovered Will if Ruth had not survived Robert by 90 days. But because Ruth survived Robert by more than 90 days, Bartlett would not have received anything under the Discovered Will even if it had been probated.

Nevertheless, in April 2023, now in possession of the Discovered Will, Bartlett filed the Petition asking the court to "admit to probate the attached copy of a lost will." The court denied the Petition on standing grounds. The court explained, "[w]ith no interest in the testacy of this estate, [Bartlett] has no rational argument that she has standing for any relief she requests because she neither stands to lose nor gain from the relief she requests."

In addition to denying the Petition, the trial court concluded, "[i]t is equitable under RCW 11.96A.150 to grant the estate its attorney fees in responding to the Verified Petition, which is frivolous and advanced without cause." The court then awarded the Estate attorney fees and costs totaling $5,722.98. Lastly, the court's order further states: "Within 14 days of this Order Bartlett shall apply to the Chief Judge of this Court by separate motion and request the Verified Petition be sealed in similar fashion as it was sealed in Thurston County (redacted version filed in its stead)."

Bartlett appeals.

II

## A.    Standing

Bartlett argues that the trial court erred in dismissing the Petition on standing grounds.  We disagree.

The standing issue in this appeal is governed by RCW 11.24.010, which provides as follows:

> If any person interested in any will shall appear within four months immediately following the probate or rejection thereof, and by petition to the court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he or she shall file a petition containing his or her objections and exceptions to said will, or to the rejection thereof.

Interpretation of a probate statute is a question of law that we review de novo.  *In the Matter of the Estate of Kolesar*, 27 Wn. App. 2d 166, 172, 532 P.3d 1070 (2023).

Unlike RCW 11.20.010, which governs the initial delivery of a will to the court having jurisdiction or to the person named in the will as executor,[4] RCW 11.24.010 expressly limits standing to contest or prove the validity of a will to those persons who are "interested" in the will.  RCW 11.24.010.  Our Supreme Court recognized this distinction between these two statues in *In the Matter of the Estate of Romano*, 40 Wn.2d 796, 807, 246 P.2d 501 (1952).  It first recognized that the

---

[4] RCW 11.20.010 provides: "Any person having the custody or control of any will shall, within thirty days after he or she shall have received knowledge of the death of the testator, deliver said will to the court having jurisdiction or to the person named in the will as executor, and any executor having in his or her custody or control any will shall within forty days after he or she received knowledge of the death of the testator deliver the same to the court having jurisdiction.  Any person who shall wilfully violate any of the provisions of this section shall be liable to any party aggrieved for the damages which may be sustained by such violation."

executrix there "presented the will for probate, as provided in RCW 11.20.010." *Id*. The court then noted that where the will is rejected, as occurred in the instant case, "[t]he only recourse [is] to contest the rejection of the will, pursuant to the procedure set out in RCW 11.24.010." The court then stated, consistent with the plain language of RCW 11.24.010, that "such a contest may be instituted by 'any person *interested in any will*.'" *Id*. (emphasis added).

Subsequent cases have recognized that the statutory requirement "any person interested in any will" is limited to individuals who have "'a direct, immediate, and legally ascertained pecuniary interest in the devolution of the testator's estate, such as would be impaired or defeated by the probate of the will or benefited by the declaration that it is invalid.'" *Kolesar,* 27 Wn. App. 2d at 173 (quoting *In the Matter of the Estate of O'Brien*, 13 Wn.2d 581, 583, 126 P.2d 47 (1942). Stated another way, the litigant "'must stand to lose directly in a financial way'" if the relief they seek is denied. *Id*. (quoting *O'Brien*, 13 Wn.2d at 583). Applying these standing requirements to a will contest in *Kolesar*, we held that the primary beneficiaries under a second will (which if proven would supplant a prior will) lacked standing to contest the will because they would inherit nothing if the court invalidated the second will and therefore would not suffer any direct financial loss if the relief they sought were denied. *Id.*

Here too, Bartlett lacked standing to prove the validity of the Discovered Will. Bartlett admits—as she must—that she is not a creditor, legatee, or heir of Robert or the Estate. She likewise admits that she has no pecuniary interest in the devolution of the Estate. Similar to the will contestants in *Kolesar*, Bartlett would

5

inherent nothing under the Discovered Will whether she fails or succeeds in obtaining the relief she seeks. Devoid of any such pecuniary interest, Bartlett instead claims, as she did below, that the trial court's ruling denying the Petition somehow means she is unable "to use Robert's will—expressing his wishes in 2004 that [she] receive half of the Renata Lane property—to prove her claims in [a] companion case which is now on appeal."[5] But any such potential harm to Bartlett, assuming it can be proven, is not a direct, pecuniary, or legally ascertained interest in the devolution of the Estate. To the contrary, it is indirect, inchoate, and tangential (at best) to the devolution of the Estate.[6]

Nor has Bartlett cited a case holding that the interest she alleges here is legally sufficient to establish standing under RCW 11.24.010. When asked to identify such a case at oral argument,[7] Bartlett's counsel pointed to *Rocha v. King County*, 195 Wn.2d 412, 460 P.3d 624 (2020), which is also cited in Bartlett's reply brief. The court there held that the petitioners, both of whom had appeared for jury duty, had standing under the Uniform Declaratory Judgments Act (ch. 7.24 RCW) to argue that jurors are "employees" for purposes of Washington's Minimum Wage Act (ch. 49.46 RCW) and should be paid accordingly. *Rocha*, 195 Wn.2d at 420. Contrary to Bartlett's representations, both at oral argument and in her reply brief, *Rocha* does not address probate issues, nor does it remotely support her standing

---

[5] The companion case is *Elizabeth Parman v. Shawn Parman and Estate of Ruth Parman*, No. 57860-3-II.

[6] This court expresses no opinion as to the admissibility or probative value of the Discovered Will in the companion litigation, nor any opinion as to the merits (or lack thereof) of Bartlett's claims in that litigation.

[7] Court of Appeals oral argument, *In the matter of the of the Estate of: Robert R. Parman*, No. 85373-2-I (Jan. 19, 2024), at 7 min., 40 sec. through 7 min., 58 sec.

argument.

In sum, the trial court correctly ruled that Bartlett lacks standing under RCW 11.24.010 to prove the validity of the Discovered Will. We therefore do not—and cannot—address the parties' arguments regarding whether Bartlett satisfied the statutory requirements to admit a lost will to probate. *See State v. Johnson*, 179 Wn.2d 534, 552, 315 P.3d 1090 (2014) ("Where a party lacks standing for a claim, we refrain from reaching the merits of that claim."); RCW 11.20.070 (proof of lost or destroyed will). The trial court's ruling denying the Petition on standing grounds is affirmed.

## B.    Trial Court Attorney Fees

Turning to the issue of prevailing party attorney fees, the trial court concluded, "[i]t is equitable under RCW 11.96A.150 to grant the estate its attorney fees in responding to the Verified Petition, which is frivolous and advanced without cause." The court then awarded the Estate attorney fees and costs totaling $5,722.98. Bartlett argues that the trial court's ruling is erroneous because the "Petition is not frivolous." While we agree with Bartlett that she has standing to contest the trial court's award of attorney fees (*see Loc Thien Truong v. Allstate Prop. & Cas. Ins. Co.*, 151 Wn. App. 195, 207, 211 P.3d 430 (2009)), we disagree with her argument that the trial court erred in awarding fees and costs under RCW 11.96.150.

Trial courts have "broad discretion" to award attorney fees and costs under RCW 11.96A.150. *Sloans v. Berry*, 189 Wn. App. 368, 379, 358 P.3d 426 (2015). The plain language of the statute confirms that broad discretion:

7

> (1) Either the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, *the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved*.

RCW 11.96A.150(1) (emphasis added). "Because of the almost limitless sets of factual circumstances that might arise in a probate proceeding, the legislature wisely left the matter of fees to the trial court," which may properly consider "any and all factors that it deems to be relevant and appropriate." *In the Matter of the Estate of Boatman*, 17 Wn. App. 2d 418, 435, 488 P.3d 845 (2021) (quoting *In the Matter of the Estate of Black*, 116 Wn. App. 476, 489, 66 P.3d 670 (2003), *aff'd*, 153 Wn.2d 152, 102 P.3d 796 (2004)); RCW 11.96A.150(1). Accordingly, "[w]e will not interfere with the trial court's decision to allow attorney fees in a probate matter, absent a manifest abuse of discretion." *Black,* 116 Wn. App at 489.

The trial court here correctly ruled that the Petition was frivolous and advanced without cause. Despite established case law interpreting and applying the standing requirement in RCW 11.24.010, Bartlett asserted below that the court should admit the Discovered Will to probate even though she has no pecuniary interest in the devolution of the Estate and would inherit nothing under the will whether she fails or succeeds in obtaining the relief she seeks. Nor did the Petition benefit the estate. To the contrary, as the trial court correctly ruled, "the estate previously closed and distributed, and the relief Bartlett requests does not change

anything that already happened." On this record, the trial court did not abuse its discretion when it awarded fees and costs in favor of the Estate.[8]

## C.    Filing Under Seal

The trial court's order denying the Petition further states, "[w]ithin 14 days of this Order Bartlett shall apply to the chief judge of this Court by separate motion and request the Verified Petition be sealed in similar fashion as it was sealed in Thurston County (redacted version filed in its stead)." Bartlett claims that the trial court erred in so ruling. The Estate has not cited any legal authority establishing the propriety of such an order, so we "may assume that counsel, after diligent search, has found none." *Donner* v. *Blue*, 187 Wn. App. 51, 61, 347 P.3d 881 (2015). Based on our independent research, no such authority exists whereby a trial court can order a litigant to file a motion before another judge seeking relief that the litigant opposes. Absent such authority, the trial court necessarily abused its discretion in so ruling. *See Council House, Inc. v. Hawk*, 136 Wn. App. 153, 161-62, 147 P.3d 1305 (2006) (finding abuse of discretion where nothing in the record revealed the trial court's reasoning and the only arguments presented are untenable).[9]

---

[8] Bartlett does not challenge the amount of the trial court's award, only the fact of the award.

[9] Relatedly, Bartlett claims that the trial court similarly erred in ruling, "[t}he four-page document attached to the Verified Petition [referring to the Discovered Will] is hereby stricken." As we explained in *State v. Rushworth*, 12 Wn. App. 2d 466, 472, 458 P.3d 1192 (2020), "[s]triking evidence does not erase it from the record or hide it from the public; it properly eliminates the evidence from the jury's consideration or from an appellate court's subsequent assessment of evidentiary sufficiency." Because the trial court's ruling that the Discovered Will is "stricken" has no legal significance independent of its directive that Bartlett file a motion to seal the will so that it is hidden from the public, we need not address the issue separately from our holding that the trial court abused its discretion by ordering Bartlett to file a motion to seal the Petition as indicated in the text above.

**D.     Attorney Fees On Appeal**

Lastly, both parties request attorney fees on appeal.  Because Bartlett's appeal has not benefited the Estate (the opposite is true), and the litigation raised no novel or unique issues the resolution of which added benefit to the appeal, the Estate is entitled to a discretionary award of fees under RCW 11.96A.150 subject to compliance with RAP 18.1.[10]

III

We reverse the trial court's order requiring Parman to file a motion requesting that the Petition be sealed.  In all other respects, we affirm.

Feldman, J.

WE CONCUR:

Brennan, J.

Smith, C.J.

---

[10] Because we award fees on this basis, we need not—and do not—reach the Estate's further request for fees under RCW 4.84.185 and RAP 18.9, both of which require a finding that the appeal was frivolous.