STURGIS, Judge.
On the suggestion of the State of Florida ex rel., Clarence G. Ashby, T. S. Roberts, Jr., and The Barnett National Bank of Jacksonville, hereinafter called the “rela-tors”, who appear in their relation as executors and trustees under a document that was admitted to probate in the County Judge’s Court of Duval County as the will of Thurston Roberts, deceased, we issued a rule nisi in accordance with relators’ suggestion, requiring the Honorable Page Haddock, as judge of said court, hereinafter called the “respondent”, to show cause why a peremptory writ of prohibition should not issue (1) vacating an order of the court of probate denying relators’ motion to dismiss an application for revocation of the probated will, which application was filed by two of the named executors and trustees under an alleged prior will, hereinafter referred to as the “trustees”, and (2) prohibiting the respondent judge from entering or making any further order or orders which would permit the probate or legal recognition of the alleged prior will until and unless the probated will should be revoked. The apparent inconsistency of the latter prayer is explainable by the fact that there is pending in the probate court an independent and admittedly timely and competent application for revocation of the probated will, filed by parties claiming under the same allegedly prior will as said trustees. We indulge the presumption that an order of the character contemplated by relators’ last mentioned prayer will not be entered.
The respondent filed a return to the rule nisi, the general tenor of which is to justify the exercise of jurisdiction in the premises, and also filed a motion to quash the rule and to dismiss the petition.
It appears from the pleadings that upon the death of Thurston Roberts, a resident of Duval County, Florida, there was admitted to probate in the County Judge’s Court of said county documents purporting to be his last will and testament, and letters *633 testamentary issued to the relators as executors thereof.
On October 5, 1960, certain hei'rs at law •of decedent filed in said County Judge’s ■Court a purported prior will of decedent in which said trustees (C. D. Towers, The Florida National Bank of Jacksonville, and Francis M. Bullard) are named as executors thereof and trustees thereunder. Item Four •of the alleged prior will purports to devise and bequeath to said trustees a substantial part of testator’s estate, in trust, for sundry uses and purposes specified therein.
On a later date the relators, as the qualified executors under the probated documents, filed in the court of probate a ■“Sworn Statement for Notice of Probate” under Section 732.28, Florida Statutes, F.S.A., the pertinent provisions of which are as follows:
“732.28 Notice of probate
“(1) Upon the admission of a will to probate, the personal representative •or any other interested party may, at his option, file in the office of the county judge a sworn statement containing the name and residence or post-office address of each legatee or devisee named in the will and of the surviving spouse and each heir at law of the ■decedent.
“(2) Upon the filing thereof, the •county judge shall cause to be duly mailed, postage prepaid, with the return address of the county judge upon each envelope, to each person named in ■said statement, a notice of the probate •of said will. A certificate of such mailing shall be filed by the county judge.
“(3) Thereupon, the county judge shall cause to be published once a week for four consecutive weeks in a newspaper published in the county, four publications being sufficient, a notice addressed to all persons interested, in substantially the following form:
“In the County Judge’s Court -County, Florida..
“Estate of-, Deceased.
“The State of Florida to all persons interested in the estate of said decedent:
“You are hereby notified that a written instrument purporting to be the last will and testament of said decedent has been admitted to probate in said court.
“You are hereby commanded within six calendar months from the date of the first publication of this notice to appear in said court and show cause, if any you can, why the action of said court in admitting said will to probate should not stand unrevoked.

County Judge
“- County, Florida
“By-
Clerk
“First publication on -
sfc ;{< jfc % % %
“(5) No person who has been served with citation upon the petition for probate or who has waived such citation need be notified hereunder; but such person shall be bound by the order admitting the will to probate, unless the probate is successsfully appealed from. Any person may likewise waive notice of probate by an instrument in writing filed in the office of the county judge and such waiver shall bar any action for revocation of probate.
“(6) If no petition for revocation of probate is filed within the time limited aforesaid, the order admitting such will to probate shall be conclusive without further order, upon proof of publication of notice of probate’s being filed and recorded in the office of the county judge. No petition for revocation of probate may be maintained unless filed within said six-month period.”
The statement so filed by relators did not include the names and residences or post- *634 office addresses of the trustees named in the alleged prior will; indeed, F.S. 732.28, F.S.A., does not appear to so require. At any rate, the Notice of Probate under the statute was served by mail on only the persons specifically named in said sworn statement, and Notice of Probate, in the form prescribed by the statute, was duly published in a newspaper as provided by the statute.
Subsequent to the six-month period from the date of first publication of the Notice of Probate, which is the period allowed by the statute for the filing of a petition for revocation by those bound by the Notice of Probate when given under the statute, two of the trustees designated under the alleged prior will filed their application for revocation of the probated will and for admission to probate of the alleged prior will, stating the same grounds advanced in the herein-above mentioned independent and timely application for revocation. The relators then moved the court of probate to dismiss the trustees’ application for revocation of probate on the ground that it was not filed within the six-month period from the date of first publication of said Notice of Probate under F.S. 732.28, F.S.A., and upon denial thereof filed this original proceeding in prohibition.
The order of the respondent judge denying said motion held that the trustees under the prior will are legatees or devisees thereunder, that they were not served with Notice of Probate or with citation before probate, that they had not waived citation or filed a caveat to the probate of the will under which relators claim, and that under F.S. 732.30(1), F.S.A., they are authorized to file and maintain said application for revocation.
In State ex rel. Rheinauer v. Malone, Judge (1898), 40 Fla. 129, 23 So. 575, the Florida Supreme Court, adopting the language of McConiha v. Guthrie, 21 W.Va. 134, states the scope of the writ of prohibition as follows:
“' * * * It is a fundamental principle, and one which will be strictly enforced, that this writ is never allowed to usurp the functions of a writ of error, or certiorari, and can never be employed as a process for the correction of errors of inferior tribunals. The courts will not permit a writ which proceeds upon the ground of an excess or usurpation of jurisdiction to become an instrument itself of usurpation, or be confounded with a writ of error, which proceeds upon the ground of error in the exercise of a jurisdiction which is conceded. It does not lie to prevent a subordinate court from deciding erroneously, or from enforcing an erroneous judgment, in a case in which it has a right to adjudicate. In the application of the principle, it matters not whether the court below had decided correctly or erroneously; its jurisdiction of the matter in controversy being conceded, prohibition will not lie to prevent an erroneous exercise of that jurisdiction.’ ”
and further, from Leonard v. Bartels, 4 Colo. 95:
“* * * a wrjj. 0£ prohibition ‘is not granted ex debito justitiae, but rests in the sound discretion of the court. It is a prerogative writ, used with great caution, where the ordinary remedies provided by the law are not applicable or adequate. It is never allowed to usurp the office of a writ of error, or an appeal. It is used to confine inferior courts, in the exercise of their powers, within the limits fixed by the law. A clear distinction is made by the authorities between the assumption of a jurisdiction to which the court has no legal claim, and the mere erroneous exercise of a jurisdiction with which the court is invested. If the inferior court has jurisdiction of the subject-matter, a mistaken exercise of that jurisdiction, or of its acknowledged powers, will not justify a resort to the extraordinary *635 remedy by prohibition. There must be excess of jurisdiction, and not mere error in the exercise of a jurisdiction which is conceded.’ ”
Section 732.30(1), Florida Statutes, F. S.A., relied on by the order denying re-lators’ motion to dismiss the trustees’ application for revocation of probate, provides :
“732.30 Revocation of probate
“(1) Any heir or distributee of the estate of a decedent, including legatees or devisees under a prior will, except those who have been served with citation before probate or who are barred under § 732.29, may, at any time before final discharge of the personal representative, make application by petition to the court in which the probate of any will may have been granted, for revocation of such probate. The petition shall set forth the interest of the petitioner in such estate and the facts constituting the grounds upon which revocation is demanded.”
The order also states the factors indicating that the trustees under the alleged prior will do not fall within the classes excepted by the quoted provisions of this statute, which is in pari materia with F.S. 732.28, F. S.A., supra.
We find no decision construing these statutes in the light of the facts here involved. Where statutes in pari materia are fairly susceptible of two constructions, one of which will give effect to both, and the other of which will defeat one or both, the former construction is preferred, it being the function of the courts under the maxim “ut res magis valeat quam pereat” to find means within the terms of the statutes by which to sustain rather than to strike down or defeat the legislative purpose. Overman v. State Board of Control (Fla.1953), 62 So.2d 696; St. Petersburg v. Seibold (Fla.1950), 48 So.2d 291; Florida Sugar Distributors v. Wood (1938), 135 Fla. 126, 184 So. 641. Where possible, that construction should be adopted which harmonizes and reconciles statutory provisions, and court should endeavor to find a reasonable field of operation that will preserve the force and effect of each. Ideal Farms Drainage Dist. v. Certain Lands (1944), 154 Fla. 554, 19 So.2d 234. As a general rule, the last expression of legislative will is the law, and in the absence of irreconcilable provisions or manifest overriding considerations the last in point of time or order of arrangement prevails. State v. City of Hialeah (Fla.1959), 109 So.2d 368; DeConingh v. City of Daytona Beach (Fla.App.1958), 103 So.2d 233. Applying these rules, our analysis reveals no basic conflict between them and we have no difficulty in reconciling what at first blush may appear to be inconsistencies with the clear and salutory legislative intent.
In order to correctly apply F.S. 732.30(1), F.S.A., supra, to the issues here, it is essential to first determine whether the trustees named in the alleged prior will fall within the classification of distributees, legatees, or devisees of decedent’s estate as comprehended by the statute, for otherwise they have no right to contest the probate. Conversely, if they fall within that classification, the secondary question arises as to whether relators’ proceedings under F.S. 732.28, F.S.A., operated to divest the probate court of jurisdiction to entertain the trustees’ application for revocation of the probated will. Here again we are without Florida precedent. The prevailing rule elsewhere is to the effect that a testamentary trustee has such an interest in the estate as to entitle him to participate in a proceeding either contesting or defending a purported will; the theory being that where title to estate property passes under the will to a trustee, he is in contemplation of law a legatee or devisee under the will and has a justiciable interest in testator’s estate. We adhere to that rule and hold that the trustees in this case are entitled, notwithstanding the action taken by relators pursuant to F.S. 732.28, F.S.A., which we will discuss later, to maintain their appli *636 cation for revocation of probate of the will under which relators claim. In so holding, we follow to the extent applicable the rule announced by the Florida Supreme-Court in In re Dana’s Estate, 138 Fla. 676, 190 So. 52, 53:
“Under the common law, there appears to have been no such right or authorization as that of the contest the will of a decedent but we construe Section 67 and other applicable provisions of Chapter 16103, Acts of 1933 (Probate Act) to grant such a right or authorization to heirs, legatees, dev-isees, distributees, spouses, creditors, or others having a property right or claim against the estate being administered. This is the general rule the application- of which to individual cases will be determined by the facts.”
While the right to contest the probate of an alleged will is in derogation of the common law and must be exercised in accordance with and within the limits prescribed by statute, we detect a healthy trend in related statutory law, as well as in case law interpreting such statutes, to broaden rather than restrict the definition of those entitled to contest the probate of an alleged will during the period administration of the estate is pending. This trend may well be attributable to the fact that the creation of testamentary trusts is now commonplace in the preparation of wills taking full advantage of laws, rules and regulations governing estate taxes. Liberality as to parties who may contest the probate of an alleged will is an inherited tradition of great antiquity. Re Zimmerman’s Will (1918), 104 Misc. 516, 172 N.Y.S. 80, holds that a cestui que trust having an equitable interest should be allowed to appeal separately and protect the same “even though the trustee also appears representing the legal title to the trust property.” We hold, therefore, that F.S. 732.28, F.S.A., is to be strictly construed to the end that persons entitled may not be summarily deprived of an opportunity to establish their interest in an estate and, by the same token, in order that the intentions of the testator be not frustrated.
Johnston v. Willis (1925), 147 Md. 237, 127 A. 862, is a leading case. There the testatrix executed a document purporting to be her will, by which, after making several bequests, she gave the residue of her estate to one Johnston, the appellant, in trust for stated purposes. A few months later she executed another document, purporting to be her will, in which she made a bequest to her mother and gave the residue of her estate to her husband, naming-appellee Willis as one of the executors, thereof. Upon her death both documents, were offered for probate as her will. Johnston, as executor and trustee under the alleged prior will, filed a caveat to the probate of the alleged subsequent will, whereupon appellee Willis, joined by the mother and husband of testatrix, challenged Johnston’s right to caveat the alleged subsequent, will. The lower court held that Johnston was not an heir of decedent and had no such interest in her estate as would entitle him-to caveat said alleged will, and thereupon dismissed the caveat. Walsh, J., speaking-for the Maryland Court of Appeals, in reversing the probate court said:
“ * * * our predecessors, in the case of Munnikhuysen v. Magraw, supra [57 Md. 172], discussed in some measure the rights which a testamentary trustee has regarding his'testator’s, will. In that case the orphans’ court had set aside the testator’s will, and the appellant some time later filed a petition asking that the will be probated and established. In passing upon his-right to maintain the petition, the court said:
“ ‘ * * * He must have some interest under the will to give him standing in court, to contest or defend it. Hof-far v. Stonestreet, 6 Md. 303 ' * * * he has laid little stress on the fact that by the will, as he has set it out in his. petition, large property, real and per *637 sonal, was left to him in trust for Emily H. Magraw. He does not al-. lege in his petition, that he has renounced that trust. He does not state that he has renounced the executor-ship. He does not state whether he has or has not renounced the trust. He distinctly asserts it as created by the will. If he has not renounced it, he has such an interest as to justify his interference in this way * * * ; for the title to the property, real and personal, so devised and bequeathed to him in trust, is in him.’
“It is true * * * that the trustee in the above case was seeking to establish his testator’s will, but the court certainly intimated that his interest as trustee was sufficient to either ‘contest or defend’ and the reason given was because ‘the title to the property, real and personal, so devised and bequeathed to him in trust, is in him.’ ”
In Reed v. Home Nat. Bank, 297 Mass. 222, 8 N.E.2d 601, 112 A.L.R. 657, the Massachusetts Supreme Court, in following Johnston v. Willis, supra, said:
“We think that as a general rule all such persons named [legatees, trustees, and cestuis que trustent] in a paper signed by the testator and appearing on its face to be an earlier will, if they desire to act, are entitled as of right to appear in opposition to the probate of a paper purporting to be a later will.”
We turn now to the question of whether the right of the trustees under the prior will to contest the probated will was defeated by the proceedings taken in said estate under F.S. 732.28, F.S.A. Careful analysis of that statute produces the inescapable conclusion that it is not intended to apply to persons other than “each legatee or devisee named in the [probated] will” and “the surviving spouse” and “each heir at law of the decedent” (F.S. 732.28 (1), F.S.A.), and to persons who have waived “notice of probate by an instrument in writing filed in the office of the county judge” (F.S. 732.28(5), F.S.A.). It is relators’ contention that upon giving the notice by publication under subsection (3) of the statute, all persons whomsoever are barred from contesting the probate unless application for revocation is filed within six months from the date of first publication of such notice, but we do not think that such was the legislative intent. While publication of such notice may have the contended effect upon persons within the classifications specified by subsection (1) of the statute and whose names, places of residence or post-office addresses are, after diligent search and inquiry, unknown to the affiant at the time of filing the sworn statement under the statute, and may have the contended effect where the affiant specifically names and states the residence or post-office address of persons who appear to be legatees or devisees under a prior will of which the affiant has constructive or actual notice, and the statute is otherwise strictly complied with (situations with which we are not presently concerned), the fact is that in this case relators are charged with notice of the content of the alleged prior will that was filed in the estate proceedings prior to the filing of their sworn statement under F.S. 732.28, F.S.A.
Section 732.30(1), Florida Statutes, F. S.A., unequivocally affords to “legatees or devisees under a prior will, except those who have been served with citation before probate or who are barred under § 732.29” the right “at any time before final discharge of the personal representative” to apply to the court in which the probate of any will may have been granted for revocation of such probate. It is interesting here to note that under subsection (3) of F.S. 732.30, F.S.A., it is provided that “any legatee, dev-isee or other person interested in the estate shall, upon application, be permitted to appear and prosecute or defend as though he were a party to” proceedings for revocation brought by any person entitled to maintain the same. Under this provision, a person *638 otherwise barred from initiating such proceedings would nevertheless be entitled to intervene in proceedings initiated by a person entitled; and on that premise the petition for revocation filed by the trustees under the alleged prior will is tantamount to intervention in the hereinabove mentioned independent and timely proceedings for revocation filed by other interested persons. It is apparent that the trustees under the alleged prior will are not barred under F.S. 732.29, F.S.A., relating to caveat proceedings, that they were not served with citation before probate of the alleged subsequent will, and that they have not waived any rights in the premises. The respondent judge clearly acted within the scope of jurisdiction of the court over which he presided in entering the order denying re-lators’ motion to dismiss the trustees’ petition for revocation.
Relators have cited In re Whitelaw’s Estate (Fla.App.1961), 133 So.2d 118, in support of the proposition that prohibition lies to coerce the action of the respondent judge in the manner heretofore stated. That case is inapplicable for the reason ■that it came on for review by way of an appeal, rather than a proceeding in prohibition, from an order of the county judge dismissing a petition for revocation of probate because it was not filed within six months from the date of the first publication of the notice of probate, as required by F.S. 732.28, F.S.A.; and, of prime importance, the petitioner (appellant) was an heir at law of the decedent, was specifically named in the sworn statement under F.S. 732.28, F.S.A., and a copy of the notice was sent to him by registered mail and received prior to the first publication of the notice under the statute. Hence in that case the record disclosed strict compliance with the statute, which is the basis upon which the lower court acted and the appellate court affirmed.
Relators also suggest that In re Williamson’s Estate (Fla.1957), 95 So.2d 244, 65 A.L.R.2d 1195, Street v. Crosth-wait (1938), 134 Fla. 158, 183 So. 820, Finley v. Hartsook (C.C.A. 5 1937), 158 F.2d 618, Pitts v. Pitts (1935), 120 Fla. 363, 162 So. 708, and Torrey v. Bruner (1910), 60 Fla. 365, 53 So. 337, stand for the proposition that the constructive notice by publication as given under F.S. 732.28, F.S.A. in this proceeding operates to bind all persons interested in the estate of the decedent, notwithstanding any failure to give notice by mail as also provided by the statute. We do not think that either of these cases is authority for the proposition advanced. Absent a specific provision to such effect, failure to comply with the mandatory provisions of a statute requiring the giving of notice by mail to persons whose names and places of residence or post-office addresses are known, or by the use of due diligence may be known, as is the clear implication of the statute, is not cured by the publication of an ancillary or supplemental notice in general terms by publication in a newspaper, as required by the statute, especially where the published notice is directed to a class rather than to named persons.
For the reasons stated, respondent’s motion is granted. Accordingly, the rule nisi is hereby quashed and this proceeding is dismissed.
CARROLL, DONALD, K., Chief Judge, and RAWLS, J., concur.