Mr. Lonnie N. Groot Seminole County Expressway Authority Attorney 1101 East First Street Sanford, Florida 32771
Dear Mr. Groot:
As attorney for the Seminole County Expressway Authority, you have asked the following question:
 May the Seminole County Expressway Authority retain and pay, with authority funds, an independent certified public accountant or accounting firm to conduct performance audits or financial audits of the accounts and records of the authority?
In sum:
 The Seminole County Expressway Authority is prohibited from hiring an independent certified public accountant to perform financial audits or performance audits of the authority's accounts and records.
The Seminole County Expressway Authority is created and its powers and duties set forth in Part VIII, Ch. 348, F.S., the "Seminole County Expressway Authority Law."[1]
The authority is statutorily designated as "an agency of the state,"[2] with the power to sue and be sued, to acquire property, to enter into and make leases for terms not to exceed 40 years, to establish and collect rates, fees, rentals and other charges for the expressway system, to borrow money, and to have the power of eminent domain.[3] The authority is also granted the power to:
 [E]mploy an executive secretary, an executive director, its own counsel and legal staff, technical experts, and such engineers and such employees, permanent or temporary, as it may require; determine the qualifications and fix the compensation of such persons, firms, or corporations; and employ a fiscal agent or agents. . . .[4]
The services of a certified public accountant or accounting firm would appear to fall within the scope of s. 348.952(6), F.S., supra.
Section 11.45, F.S., is the legislative grant of authority to the Auditor General. Pursuant to this section the Auditor General is to make financial audits and performance audits of public records and to perform related duties as prescribed by law or concurrent resolution of the Legislature.[5] He is charged with the duty to "annually make financial audits of the accounts and records of all state agencies, as defined in this section. . . ."[6] As provided in the statute, a "State agency" is "a separate agency or unit of state government created or established by law and includes, but is not limited to, the following and the officers thereof: authority. . . ."[7] Thus, the Seminole County Expressway Authority, which is designated by statute as "an agency of the state," would be a state agency for purposes of s. 11.45(3)(a)1, F.S.
You ask whether the Seminole County Expressway Authority may rely on this general grant of authority to employ a certified public accountant or accounting firm to perform audits in light of s.11.45(9), F.S.
It is my opinion that the authority may not independently employ a certified public accountant or accounting firm to conduct performance audits or financial audits of the authority's accounts and records. This conclusion is based on the specific legislative direction contained in s. 11.45(9), F.S., that "[a]ll agencies, other than state agencies as defined herein, . . . shall have the power to have a performance audit or financial audit of their accounts and records by an independent certified public accountant retained by them and paid from their public funds." (e.s.) In construing statutes it is a general rule that the mention of one thing implies the exclusion of another. Thus, when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.[8]
Therefore, because the Legislature has specifically authorized all agencies other than state agencies to hire independent certified public accountant to perform financial and performance audits, state agencies are prohibited from doing so.
I do not perceive a conflict between s. 11.45(9), F.S., and s.348.952(6), F.S., as the statutes may be construed together and reconciled.[9] Under accepted rules of statutory construction, these statutes should be read in pari materia, because they govern different facets of the same subject matter, i.e., the powers of the authority. Thus, s. 348.952(6), F.S., must be read to grant the authority the power to employ a number of independent professionals to assist it in carrying out its statutory duties but such employees may not include an independent certified public accountant or accounting firm to perform financial audits or performance audits.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Section 348.95, F.S.
[2] Section 348.952(1), F.S.
[3] Section 348.953(2), F.S.
[4] Section 348.952(6), F.S.
[5] Section 11.45(2), F.S. And see, s. 11.45(1)(b), F.S., defining "Financial audit" and s. 11.45(1)(f), F.S., defining "Performance audit" for purposes of the statute.
[6] Section 11.45(3)(a)1., F.S. And see, s. 11.45(4), F.S., which states that audits required by this section "when practicable, shall be made and completed within not more than 12 months following the end of each fiscal year of the state agency. . . ."
[7] Section 11.45(1)(h), F.S.
[8] Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952).
[9] See, Ideal Farms Drainage District et. al v. Certain Lands,19 So.2d 234 (Fla. 1944), and State v. Haddock, 140 So.2d 631 (1 D.C.A.Fla., 1962) (When two statutes relate to common things or have a common or related purpose, they are said to be pari materia, and where possible, that construction should be adopted which harmonizes and reconciles the statutory provisions so as to preserve the force and effect of each.)