Mr. Wayland R. Clifton, Jr. Chief of Police City of Gainesville Post Office Box 1250 Gainesville, Florida 32602
Dear Chief Clifton:
You have asked for my opinion on substantially the following question:
Does the exemption provided by s. 119.07(3)(h), F.S., for the identity of the victim of the crime of child abuse apply if the victim dies from such child abuse?
In sum:
Reading s. 119.07(3)(h), F.S., together with s. 415.504(3), F.S., making autopsy reports of suspected child abuse victims public, it would appear that the identity of a victim of suspected child abuse who has died from such abuse is not exempt from the Public Records Law.
The Gainesville Police Department is investigating the death of a child which is suspected to be related to physical abuse suffered by the child. Charges of murder and aggravated child abuse have been filed in this matter. The department is reluctant to reveal the identity of the dead child based on an exemption from the Public Records Law for records which reveal the identity of a victim of the crime of child abuse.
Section 119.07(3)(h), F.S., provides that:
Any criminal intelligence information or criminal investigative information including the photograph, name, address, or other fact or information which reveals . . . the identity of the victim of the crime of child abuse as defined by chapter 827[1] . . . is exempt from the provisions of [s. 119.07(1), F.S.].
Thus, this section provides an exemption from the inspection and copying requirements of the Public Records Law for information revealing the identity of a child abuse victim. The statute contains no limitation relating to whether the victim of child abuse is alive. Legislative history surrounding the enactment of this section does not provide any assistance in resolving this issue.[2]
However, when two statutes relate to common things or have a common or related purpose, they are said to be parimateria, and where possible, that construction should be adopted which harmonizes and reconciles the statutory provisions so as to preserve the force and effect of each.[3] Thus, it is appropriate to read s. 119.07(3)(h), F.S., with those statutory provisions relating to protection from abuse, neglect, and exploitation contained in Ch. 415, F.S., as they serve a related purpose.
Section 415.51(1), F.S., delineates the state's policy concerning the confidentiality of reports and records generated in cases of child abuse or neglect and states in part:
In order to protect the rights of the child and his parents or other persons responsible for the child's welfare, all records concerning reports of child abuse or neglect, including reports made to the central abuse registry and tracking system and all records generated as a result of such reports, shall be confidential and exempt from the provisions of s. 119.07(1) and shall not be disclosed except as specifically authorized by ss. 415.502-415.514.
While it is the general policy of the state to protect the rights of the child involved in abuse cases, in certain specified instances the Legislature has determined that the necessity for disclosure is paramount.
Section 415.504, F.S., provides for mandatory reports of child abuse or neglect, mandatory reports of death, and a central abuse registry and tracking system for such abuse. This section contains mandatory disclosure provisions which are exempt from the general confidentiality provided by s. 415.51(1), F.S. Subsection (3) of this statute provides that:
Any person required to report or investigate cases of suspected child abuse or neglect who has reasonable cause to suspect that a child died as a result of child abuse or neglect shall report his suspicion to the appropriate medical examiner. The medical examiner shall accept the report for investigation pursuant to s.406.11 and shall report his findings, in writing, to the local law enforcement agency, the appropriate state attorney, and [the Department of Health and Rehabilitative Services]. Autopsy reports maintained by the medical examiner shall not be subject to the confidentiality requirements provided for in s. 415.51.
To read s. 119.07(3)(h), F.S., to exempt the identity of a victim of child abuse whose death results from such abuse from the Public Records Law would be inconsistent with s. 415.504(3), F.S., making such information public. Thus, in order to harmo-nize the exemption in s. 119.07(3)(h), F.S., with the public nature of autopsy reports of death by child abuse contained in s. 415.504(3), F.S., the former should not be read to apply to the identity of a child whose death results from suspected child abuse.[4]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Chapter 827, F.S., relates to the abuse of children and provides criminal penalties therefore.
[2] Section 119.07(3)(h), F.S., was enacted by s. 2, Ch. 79-187, Laws of Florida.
[3] See, Ideal Farms Drainage Dist. et al. v. Certain Lands,19 So.2d 234 (Fla. 1944); State v. Haddock, 140 So.2d 631 (1 D.C.A. Fla., 1962).