Mr. Robert D. Guthrie County Attorney Brevard County
Dear Mr. Guthrie:
You ask the following questions:
1. Does the Convenience Store Security Act, sections812.171-812.175, Florida Statutes. (1990 Supplement), prohibit a local government from requiring security features such as automatic locks as a part of the "safety enclosure" requirement in its ordinance adopted pursuant to the act?
2. What is the meaning of a "safety enclosure" as it is used in section 8, Chapter 90-346, Laws of Florida?
3. What is the meaning of a more "stringent standard" as it is used in section 8, Chapter 90-346, Laws of Florida?
4. Would an ordinance whose "regulations" apply during the hours of 9 p.m. to 6 a.m. be more stringent than allowed by the Convenience Store Security Act?
5. Would the requirement of an additional sign stating that "the cash register and the employees present on duty have access to no more than $50" at the island in those convenience stores that additionally sell gasoline, be considered a more stringent standard than that allowed by the act?
6. Would a sign which states that a store "has less than $30 after dark" satisfy the requirements of section 812.173(3), Florida Statutes (1990 Supplement)?
7. Does section 812.175, Florida Statutes (1990 Supplement), requiring the adoption of a "noncompliance fee schedule of up to $5,000" mean a schedule with the highest scheduled fee being $5,000 or a schedule whereby the total fines when added up could not exceed $5,000?
8. Would a clause allowing for the revocation of an occupational license of a noncomplying convenience store violate the penalty provisions of the act?
9. If a convenience store has two employees on duty during 10 p.m. to 5 a.m. are they exempt entirely from this act? Can a local government pass an ordinance after September 1, 1990, requiring that the security standards listed in the act apply to convenience stores which have two employees on duty between 10 p.m. to 5 a.m. or does state law preempt such action?
10. If a local government chooses to enforce its convenience store security ordinance through its code enforcement board which was created pursuant to Chapter 162, Florida Statutes, does the Convenience Store Security Act provide authority for the code board to levy a one time fine of $5,000?
In sum:
1. The Convenience Store Security Act does not mandate specific security features for a "safety enclosure" leaving this matter to the discretion of local governments.
2. For purposes of the Convenience Store Security Act, "safety enclosures" mean "bullet resistant enclosures."
3. In the context of this act, "more stringent standards" means more rigorous or strict standards than those contained in the act.
4. The safety requirements of the local ordinance adopted pursuant to the Convenience Store Security Act apply without time limitation and an ordinance which restricts the operation of such provisions to certain hours would not appear to meet the requirements of the statute.
5. A local ordinance which requires a sign in addition to the one prescribed by section 812.173(3), Florida Statutes (1990 Supplement), would appear to impose more stringent requirements on convenience stores in violation of the statute.
6. The sign which you describe does not comply with section812.173(3), Florida Statutes (1990 Supplement), which provides that a sign shall be posted "which states that the cash register contains $50 or less."
7. Section 812.175, Florida Statutes (1990 Supplement), provides discretion to local governments to adopt an ordinance with varying fees for noncompliance with the maximum being $5,000.
8. The Convenience Store Security Act does not authorize a local government to provide by ordinance for the revocation of occupational licenses of noncomplying convenience stores.
9. A convenience store with two attendants is not entirely exempt from the requirements of the act. However, a convenience store may avoid the requirement for a "safety enclosure" if one is imposed by the local ordinance by providing that two employees are on duty. The Convenience Store Security Act does not limit this requirement to certain times of the day.
10. If a local government has created a code enforcement board and authorized it to prosecute violations of the Convenience Store Security Act, the provisions of the act would control when a civil fine is imposed for failure to comply with the local ordinance.
In 1990 the Florida Legislature adopted Chapter 90-346, Laws of Florida, the "Convenience Store Security Act"[1] which was codified in sections 812.171-812.175, Florida Statutes (1990 Supplement). The act was adopted in response to legislative findings that "many convenience stores[2] operating during the night and early morning hours are at risk for robbery." Further, the Legislature determined that "certain minimum security requirements are helpful in protecting the store employees and the consumer public from robbery and injury."[3]
Pursuant to the act:
"Each local government in which a death, serious injury, or sexual battery has occurred during the commission of a theft or robbery at a convenience store within its jurisdiction during the preceding 12 months shall adopt within 90 days an ordinance which mandates the provisions of sections 5, 6, and 7 of this act."[4]
The act thus mandates that local governments adopt ordinances containing those provisions set forth therein relating to convenience store security (section 5), training of employees (section 6), and penalties for noncompliance (section 7).
According to your letter, in September of 1990, this office notified Brevard County that it was required to enact a Convenience Store Security Ordinance. Brevard County enacted its ordinance in December 1990.
QUESTION 1
Section 8, Chapter 90-346, Laws of Florida, provides that after September 1, 1990, a local government may not adopt a local ordinance imposing more stringent standards than those in the act. However, as specifically provided therein "this act . . . does not preempt any future local ordinances requiring safety enclosures . . . ."
Thus, a local government is authorized by the act to enact an ordinance requiring safety enclosures if such ordinance is adopted after September 1, 1990.
However, the statute does not address what specific security features may be required in a safety enclosure and this office has no authority to make such a determination.[5] This would appear to be an area in which the Legislature provided some discretionary authority for local governments.
QUESTION 2
As discussed above, the phrase "safety enclosures" is not defined for purposes of the act. However, elsewhere in the act the term "bullet resistant enclosures" is used.[6] While this matter is not free from doubt, under accepted rules of statutory construction,[7] sections 8 and 9 of the act should be read inpari materia, because they govern different facets of the same subject matter.[8]
Thus, until legislative clarification is forthcoming, it is my opinion that "safety enclosures" should be construed within Chapter 90-346, Laws of Florida, to mean "bullet resistant enclosures."
QUESTION 3
The "Convenience Store Security Act" provides that "[a] local government may not, after September 1, 1990, adopt any local ordinance which imposes more stringent standards than those prescribed by sections 4, 5, and 6 of this act."[9] (e.s.) "Stringent" is defined as "marked by rigor, strictness, or severity esp. with regard to rule or standard" and "[i]mposing rigorous standards of performance; severe."[10]
Thus, more stringent standards than those contained in the Convenience Store Security Act would be more strict or rigorous standards.[11]
QUESTION 4
Nothing in sections 4, 5, or 6, Chapter 90-346, Laws of Florida, restricts the application of the act to certain hours of the day although convenience stores covered by the act must "[e]stablish a cash management policy to limit the amount of available cash on hand between the hours of 9 p.m. and 6 a.m."[12]
Thus, the safety requirements of the local ordinance adopted pursuant to the Convenience Store Security Act apply without time limitation and any attempt to restrict the operation of such provisions to certain hours of the day is a restriction or weakening of the act.
I would note that the Convenience Store Security Act represents the security requirements which the Legislature determined to be appropriate for convenience stores[13] and any attempt to weaken these minimum standards would be contrary to such expressed legislative intent.
QUESTION 5
As discussed above, the act prohibits a local government from adopting any local ordinance imposing more stringent standards than those contained in section 4, 5, and 6, Chapter 90-346, Laws of Florida, if such ordinance is adopted after September 1, 1990.
Section 5 of the act states that each convenience store within a jurisdiction which adopts an ordinance as required by the act shall "[p]ost a conspicuous sign in the convenience store entrance which states that the cash register contains $50 or less."[14]
A local ordinance requiring convenience stores to post additional signs would impose a greater burden for compliance or more rigorous standard on such stores which is contrary to the expressed intent of the statute.
QUESTION 6
Section 812.173(3), Florida Statutes (1990 Supplement), section 5(3), of Chapter 90-346, Laws of Florida, requires that the local ordinance required by the act include a provision that a conspicuous sign be posted at the convenience store entrance "which states that the cash register contains $50 or less."
Section 8 of the act authorizes local governments to adopt ordinances after September 1, 1990, which require "any of the provisions of section 3, section 4, section 5, section 6, or section 7."
When the Legislature has prescribed the method of doing a thing, that method must be observed.[14] Section 8, Chapter 90-346, provides that a local ordinance adopted after September 1, 1990, may include "any of the provisions of section 3, section 4, section 5, section 6, or section 7." Nothing in this provision appears to give the local government the discretion to alter the requirements of sections. 3-7, including the wording of the sign required by section 5.[15]
Further, as discussed in Question Four, it appears that the Legislature intended the provisions of this act to embody the appropriate security requirements for convenience stores[16] and any attempt by local governments to weaken the safety provisions would violate the legislative intent of the act. A sign which states that a convenience store "has less than $30 after dark" would appear to lessen the over all safety considerations expressed in section 812.173(3), Florida Statutes, which are not limited to certain hours of the day. Under such circumstances, this office cannot say that such a sign would satisfy the minimum safety requirements established by the act.
QUESTION 7
Section 7 of the act provides that "[e]ach local government subject to the provisions of this act shall adopt with its ordinance a noncompliance fee schedule of up to $5,000 for failure to meet the requirements of this act." (e.s.)
In construing the meaning of a statute, the primary purpose is to give effect to the intention of the Legislature. In accomplishing this, the language of the statute itself should be considered first.[17]
Thus, it would appear that the Legislature provided discretion to local governments to adopt an ordinance with varying fees for noncompliance with the maximum being $5,000. There is no indication in the act that the Legislature intended that the total of such fees not exceed $5,000.
QUESTION 8
The Convenience Store Security Act applies to all local jurisdictions in which death, serious injury, or sexual battery during the commission of a theft or robbery of a convenience store during the twelve months preceding the effective date of the act. Those jurisdictions subject to the act must pass an ordinance implementing its provisions within ninety days of the effective date of the act.
Chapter 90-346, Laws of Florida, provides specific penalties and fees which must be imposed by local governments for noncompliance with the act. A legislative direction as to how a thing shall be done acts a prohibition against its being done in any other way.[18]
There is no provision in Chapter 90-346, Laws of Florida, which authorizes local governments to revoke the occupational license of a noncomplying convenience store owner. Absent the requisite statutory direction, it is my opinion that local governments subject to the act are prohibited from adopting occupational license revocation procedures in addition to the prescribed penalties.
QUESTION 9
As stated in section 8 of the act: "Additionally, any convenience store operator may have the option of providing two employees on duty in lieu of any local ordinance requirement for safety enclosures."
Thus, if a local ordinance is adopted which requires "safety enclosures," a convenience store owner may avoid the necessity of providing such enclosures for his or her employees by having two employees on duty. The act makes it clear that this option is in addition to the other safety standards established therein and the fact that two employees are on duty does not diminish or negate the necessity for compliance with other provisions in Chapter 90-346, Laws of Florida. Finally, there is no time of day requirement established by this provision and this office cannot read such a restriction into the legislation.[19]
Further, if the Legislature had intended that a place of business which otherwise comes within the definition of a "convenience store"[20] is removed from the scope of the act by the presence of more than one attendant, the limited preemption set forth in section 8, supra, would not be necessary. Operative language in a statute may not be regarded as surplusage.[21]
Therefore, the provisions of the act setting forth a definition of "convenience store" should not be read in such a way that the mere presence of two attendants in the business between the hours of 10 p.m. and 5 a.m. exempts that particular store from the scope of the act.
QUESTION 10
As this office stated in Attorney General Opinion 91-7, Chapter 90-346, Laws of Florida, does not provide for exclusive jurisdiction in any specific court or enforcement board for the imposition of fines for violations of the local government's ordinance incorporating the requirements of the act. Nothing in the act indicates that prosecution of the requirements therein would be handled differently than any other ordinance violation. As that opinion concludes, either the county court or a code enforcement board has the authority to impose civil fines for violations of a local ordinance adopted pursuant to the act.
Your question arises because section 162.09, Florida Statutes, authorizes the imposition of administrative fines for noncompliance with an order to the board or for repeat violations. The specific fine which may be imposed pursuant to this statute "shall not exceed $250 per day for a first violation and shall not exceed $500 per day for a repeat violation."[22]
As Attorney General Opinion 91-7 concluded:
"While Chapter 162, Florida Statutes, generally controls the administrative enforcement procedures and means of imposing fines for the violation of local codes and ordinances which have no criminal penalty, the more specific and more recently enacted provisions in Ch. 90-346, Laws of Florida, would control when the civil fine is imposed for failure to comply with a local ordinance enacted pursuant to the Convenience Store Security Act."[23]
Thus, if a local government has created a code enforcement board and authorized it to prosecute violations of the Convenience Store Security Act, the board may impose a fine of up to $5,000 as prescribed by the local ordinance.
Sincerely,
Robert A. Butterworth Attorney General
[1] Section 1, Ch. 90-346, Laws of Florida.
[2] A "convenience store" is defined for purposes of the act as:
"[A]ny place of business that is engaged in the retail sale of groceries, including the sale of prepared foods, and gasoline and services, that is regularly open for business at any time between the hours of 10 p.m. and 5 a.m., and that is attended during such hours by one employee. The term "convenience store" does not include a store which is solely or primarily a restaurant. The term "convenience store" does not include any store in which the owner and members of his family work in the store between the hours of 10 p.m. and 5 a.m."
[3] Section 2, Id.
[4] Section 4(1), Id.
[5] Cf., Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209
(Fla. 1974) (the Court has no authority to supply additional words to or modify the meaning of a duly enacted statute); Ops. Att'y Gen. Fla. 87-43 (1987), 86-32 (1986), and 82-20 (1982).
[6] Section 9, Ch. 90-346, Laws of Florida.
[7] See, Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944); State v. Haddock, 140 So.2d 631 (Fla. 1st DCA 1962).
[8] Section 8, Ch. 90-346, Laws of Florida, relates to the limited preemption of the state law over local ordinances; s. 9,id., deals with a study to be conducted by the Attorney General to examine the safety and security requirements for at-risk businesses.
[9] Section 8, Ch. 90-346, Laws of Florida.
[10] See, Webster's New Collegiate Dictionary 1153 (1975); The American Heritage Dictionary of the English Language 1276 (New College ed. 1979).
[11] Words in common use in a statute are to be construed in their plain and ordinary signification, unless they are used in a technical sense. See, State v. Egan, 287 So.2d 1, 4 (Fla. 1973).
[12] Section 812.173(7), Fla. Stat. (1990 Supp.).
[13] See, s. 2, Ch. 90-346, Laws of Florida.
[14] Section 812.173(3), Fla. Stat. (1990 Supp.).
[15] Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944).
[16] See, s. 2, Ch. 90-346, Laws of Florida.
[17] See, People's Bank of Jacksonville v. Arbuckle, 90 So. 458
(Fla. 1921), and City of St. Petersburg v. Siebold, 48 So.2d 291
(Fla. 1950).
[18] Alsop v. Pierce, supra; Thayer v. State, 335 So.2d 815,817 (Fla. 1976).
[19] The Attorney General's Office has no authority to supply additional words to or modify the meaning of a duly enacted statute. Cf., Chaffee v. Miami Transfer Company, Inc.,288 So.2d 209 (Fla. 1974); Ops. Att'y Gen Fla. 87-43 (1987), 86-32 (1986), and 82-20 (1982).
[20] A "convenience store" for purposes of the act is defined as:
"[A]ny place of business that is engaged in the retail sale of groceries, including the sale of prepared foods, and gasoline and services, that is regularly open for business at any time between the hours of 10 p.m. and 5 a.m., and that is attended during such hours by one employee."
[21] See, City of Pompano Beach v. Capalbo, 455 So.2d 468 (Fla. 4th DCA 1984); see also, Terrinoni v. Westward Ho!,418 So.2d 1143 (Fla. 1st DCA 1982).
[22] Section 162.09(2)(a), Fla. Stat.
[23] See, Speights v. State, 414 So.2d 574 (Fla. 1st DCA 1982) (in giving effect to two potentially conflicting statutes, the last in point of order or arrangement prevails as the last expression of legislative intent). And see, Harley v. Board ofPublic Instruction of Duval County, 103 So.2d 111 (Fla. 1958) (special grant of power or special act of the Legislature takes precedence over a general grant or law on the same subject).