Mr. Calvin Ross, Secretary Department of Juvenile Justice 2737 Centerview Drive Tallahassee, Florida 32399-3100
Dear Secretary Ross:
You have asked for my opinion on the following question:
Does section 768.28(11)(a), Florida Statutes, require the Department of Juvenile Justice to include in specified service contracts a clause under which a service provider that is also a governmental entity agrees to indemnify the state for all tort liability up to the limits set forth in Chapter 768, Florida Statutes?
In sum:
Section 768.28(11)(a), Florida Statutes, should be read together with section 768.28(18), Florida Statutes. Therefore, the Department of Juvenile Justice must require indemnification clauses in specified service contracts with private providers but no such indemnity provisions are required in such contracts between the Department of Juvenile Justice and the state or any of its agencies or subdivisions.
Section 768.28, Florida Statutes,[1] serves to waive the sovereign immunity of the state and its agencies and subdivisions to the extent specified in that section. Monetary limitations are specified in the statute allowing payment of a judgment against the state or its agencies or subdivisions by any one person not to exceed $100,000 on any claim or judgment that, when totaled with all other claims paid by the state arising out of the same incident or occurrence, does not exceed $200,000.[2]
State agencies or subdivisions within the scope of section 768.28, Florida Statutes, are defined to include "counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities[.]"[3] This office has consistently advised governmental entities that it is impermissible for them to become a party to a contract that includes an indemnification or hold harmless provision in the absence of legislative authorization.[4]
During the 1994 legislative session, subsection (11)(a) was enacted to specifically address providers or vendors contracting with the Department of Juvenile Justice:
Providers or vendors, or any of their employees or agents, that have contractually agreed to act on behalf of the state as agents of the Department of Juvenile Justice to provide services to children in need of services, families in need of services, or juvenile offenders are, solely with respect to such services, agents of the state for purposes of this section while acting within the scope of and pursuant to guidelines established in the contract or by rule. A contract must provide for the indemnification of the state by the agent for any liabilities incurred up to the limits set out in this chapter.
Thus, those vendors who fall within the scope of this provision are required to agree to indemnify the Department of Juvenile Justice up to the limits set forth in section 768.28, Florida Statutes.
According to your letter, a number of sheriffs and counties have urged the Department of Juvenile Justice to find that paragraph (18) of section 768.28, Florida Statutes (1994 Supp.), applies to them, rather than subsection (11) above. Section 768.28(18), states that:
Neither the state nor any agency or subdivision of the state waives any defense of sovereign immunity, or increases the limits of its liability, upon entering into a contractual relationship with another agency or subdivision of the state. Such a contract must not contain any provision that requires one party to indemnify or insure the other party for the other party's negligence or to assume any liability for the other party's negligence. This does not preclude a party from requiring a nongovernmental entity to provide such indemnification or insurance.[5]
Thus, this section would prohibit a state or local governmental agency from entering into a contract with another state or local governmental agency if that contract includes an indemnification or hold harmless provision.
Under accepted rules of statutory construction subsections (11) and (18) of section 768.28, Florida Statutes (1994 Supp.), should be read in pari materia, because they govern different facets of the same subject matter.[6] Each of these sections speaks to different aspects of the sovereign immunity of governmental agencies in contractual matters, and they may be read together and harmonized in a way that preserves the force and effect of each. Subsection (11) controls in those situations where the Department of Juvenile Justice is contracting for the specified services with private vendors and providers. Contracts between the Department of Juvenile Justice and other governmental entities are subject to the provisions of subsection (18) of section 768.28, Florida Statutes.
Therefore, it is my opinion that sections 768.28(11) and (18), Florida Statutes (1994 Supp.), should be read together with the result that private providers or vendors of specified services contracting with the Department of Juvenile Justice must agree to indemnify the department up to the limits set forth in Chapter 768, Florida Statutes. However, contracts entered into by the Department of Juvenile Justice and the state or any of its agencies or subdivisions should not contain any such indemnification or hold harmless provisions.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] In accordance with the provisions of s. 13, Art. X, State Const. 
[2] Section 768.28(5), Fla. Stat.
[3] Section 768.28(2), Fla. Stat.
[4] See, e.g., Ops. Att'y Gen. Fla. 93-24 (1993), 90-21 (1990), 89-61 (1989), and 85-66 (1985).
[5] Subsection (11)(b) provides that "[t]his subsection does not designate a person who provides contracted services to juvenile offenders as an employee or agent of the state for purposes of chapter 440." Chapter 440, Florida Statutes, is the Workers' Compensation Law.
[6] See, Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944); State v. Haddock, 140 So.2d 631 (Fla. 1st DCA 1962), for the proposition that when two statutes relate to common things or have a common or related purpose, they are said to be pari materia, and where possible, that construction should be adopted which harmonizes and reconciles the statutory provisions so as to preserve the force and effect of each.