Dear Mr. Alley:
On behalf of the City Council of the City of Fort Myers, you ask the following question:
Does section 163.380, Florida Statutes, require a municipality to advertise the disposition of municipally-owned land located within a community redevelopment area when such property was acquired by the municipality prior to the implementation of the Community Redevelopment Act of 1969 and the creation of the redevelopment area?
You state that the City of Fort Myers created a community redevelopment agency in 1987 pursuant to the authority granted in the Community Redevelopment Act of 1969. Within the boundaries of the community redevelopment area are submerged lands beneath the Caloosahatchee River owned by the city. These submerged lands were acquired by the city from the State of Florida in 1915 pursuant to Chapter 6962, Laws of Florida (1915). The city is contemplating the lease of such property, but is uncertain of the applicability of the notice requirements in section 163.380(3)(a), Florida Statutes, to the property.
Part III, Chapter 163, Florida Statutes, the "Community Redevelopment Act of 1969," was enacted to enable counties and municipalities to eliminate and prevent the development or spread of slums and urban blight, to encourage needed community rehabilitation and to provide for the redevelopment of slums and blighted areas.[1] Section 163.370(2), Florida Statutes, gives counties and municipalities all powers necessary to carry out and effectuate the provisions of the act, including:
"(c) To undertake and carry out community redevelopment and related activities within the community redevelopment area, which may include:
1. Acquisition of property within a slum area or a blighted area by purchase, lease, option, gift, grant, bequest, devise, or other voluntary method of acquisition.
 * * *
4. Disposition of any property acquired in the community redevelopmentarea at its fair value as provided in s. 163.380 for uses in accordance with the community redevelopment plan."(e.s.)
Section 163.380(1), Florida Statutes, grants authority to any county, municipality, or community redevelopment agency to "sell, lease, dispose of, or otherwise transfer real property or any interest thereinacquired by it for community redevelopment in a community redevelopment area to any private person. . . ."(e.s.) The statute further states, however, that "such sale, lease, other transfer, or retention, and any agreement relating thereto, may be made only after the approval of the community redevelopment plan by the governing body." The purchasers or lessees must devote such real property only to the uses specified in the community redevelopment plan and may be obligated to comply with such other requirements as the county, municipality, or community redevelopment agency determines to be in the public interest. Section163.380(2), Florida Statutes, requires that "[s]uch real property or interest shall be sold, leased, otherwise transferred, or retained at a value determined to be in the public interest for uses in accordance with the community redevelopment plan and in accordance with such reasonable disposal procedures as any county, municipality, or community redevelopment agency may prescribe."
Section 163.380(3)(a), Florida Statutes, provides:
"Prior to disposition of any real property or interest therein in acommunity redevelopment area, any county, municipality, or community redevelopment agency shall give public notice of such disposition by publication in a newspaper having a general circulation in the community, at least 30 days prior to the execution of any contract to sell, lease, or otherwise transfer real property and, prior to the delivery of any instrument of conveyance with respect thereto under the provisions of this section, invite proposals from, and make all pertinent information available to, private redevelopers or any persons interested in undertaking to redevelop or rehabilitate a community redevelopment area or any part thereof. Such notice shall identify the area or portion thereof and shall state that proposals must be made by those interested within 30 days after the date of publication of the notice and that such further information as is available may be obtained at such office as is designated in the notice. The county, municipality, or community redevelopment agency shall consider all such redevelopment or rehabilitation proposals and the financial and legal ability of the persons making such proposals to carry them out; and the county, municipality, or community redevelopment agency may negotiate with any persons for proposals for the purchase, lease, or other transfer of any real property acquired by it in the community redevelopment area. The county, municipality, or community redevelopment agency may accept such proposal as it deems to be in the public interest and in furtherance of the purposes of this part. . . ."(e.s.)
Generally, the legislative intent of a statute is to be determined from the plain language of the statute and a statute will be construed and applied in the form enacted.[2] Where the legislative intent is manifested by the language employed in a statute when considered in its ordinary and grammatical sense, resort to rules of statutory construction is unnecessary.[3] Words in a statute should be given meaning accorded them in common usage unless; however, a different connotation is expressed in or necessarily implied from the context of the statute in which they appear.[4]
Reading the above cited three subsections of section 163.380, Florida Statutes, together, it is clear that the provisions of the section address the disposal of property which has been acquired by the city for redevelopment purposes.[5] While use of the term "any real property" in section 163.380(3)(a), Florida Statutes, is expansive enough to include any property owned by the city regardless of the date it was acquired or the use for which it was acquired, the context of its use to further the purpose of the act, i.e., eliminate and prevent the development or spread of slums and urban blight, to encourage needed community rehabilitation, and to provide for the redevelopment of slums and blighted areas, would limit the application of the act to real property acquired by the city for redevelopment. The city's ownership of submerged lands and its intention to lease such lands does not appear to fall within the application of the act, inasmuch as the submerged lands were not acquired for redevelopment, nor would they readily fall within the category of a blighted or slum area.
Accordingly, it is my opinion that the notice requirements for the disposal of real property acquired for redevelopment purposes in section163.380(3)(a), Florida Statutes, do not apply to city-owned submerged lands located within the city's community redevelopment area which were acquired for purposes other than community redevelopment prior to the creation of the city's community redevelopment area.
Sincerely,
Bill McCollum Attorney General
BM/tals
[1] See s. 163.340(9), Fla. Stat., defining "[c]ommunity redevelopment" as "undertakings, activities, or projects of a county, municipality, or community redevelopment agency in a community redevelopment area for the elimination and prevention of the development or spread of slums and blight, or for the reduction or prevention of crime, or for the provision of affordable housing, whether for rent or for sale, to residents of low or moderate income, including the elderly, and may include slum clearance and redevelopment in a community redevelopment area or rehabilitation and revitalization of coastal resort and tourist areas that are deteriorating and economically distressed, or rehabilitation or conservation in a community redevelopment area, or any combination or part thereof, in accordance with a community redevelopment plan and may include the preparation of such a plan."
[2] Thayer v. State, 335 So. 2d 815 (Fla. 1976).
[3] See Reino v. State, 352 So. 2d 853 (Fla. 1977); Miami Bridge Co.v. Railroad Commission, 20 So. 2d 356 (Fla. 1944); Clark v. Kreidt,199 So. 333 (Fla. 1940).
[4] Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950).
[5] See Ideal Farms Drainage District v. Certain Lands, 19 So. 2d 234
(Fla. 1944) and State ex rel. Ashby v. Haddock, 140 So. 2d 631 (Fla. 1st DCA 1962), for the proposition that when two statutes relate to common things or have a common or related purpose, they are said to be inpari materia, and where possible, a construction should be adopted which harmonizes and reconciles the statutory provisions so as to preserve the force and effect of each.