Dear Mr. Sloan:
As City Attorney for the City of Parker and on behalf of the City Council, you have asked for my opinion on substantially the following question:
Is the City of Parker subject to the limitations and notice procedures of section 163.380, Florida Statutes, if the city leases a portion of city-owned property located within a community redevelopment area when that property was acquired prior to the creation of the community redevelopment area and was not acquired for redevelopment purposes?
In sum:
The notice requirements for the disposal of real property acquired for redevelopment purposes in section 163.380(3)(a), Florida Statutes, do not apply to city-owned property located within the city's community redevelopment area which was acquired for purposes other than community redevelopment prior to the creation of the city's community redevelopment area.
Initially, I would note that no comment is expressed herein as to other local or state notice requirements which may apply to the lease of municipal property for these purposes.[1] Your question is directed to the applicability of section 163.380, Florida Statutes, and the discussion that follows is limited to that question.
According to information you have supplied this office, the City of Parker created a community redevelopment area (CRA) in 2006. Within the boundaries of the Parker CRA is a parcel of real property acquired by the city in 1974. A portion of the property provides storage for city vehicles and a large portion of the property is the subject of environmental contamination. You have advised this office that, while geographically located within the CRA, the property was not acquired for and is not being used for community redevelopment purposes. The city created the community redevelopment area and adopted a plan for the area in 2006. The plan does not specifically address the use of this property. The city has recently been approached by a private company that desires to lease a small vacant portion of the property from the city for construction of a cellular phone tower on the property. The city council has requested this office's assistance in determining whether the notice requirements of section 163.380, Florida Statutes, may apply to the proposed lease of this property.
The "Community Redevelopment Act of 1969," Part III, Chapter 163, Florida Statutes, was enacted to enable counties and municipalities to eliminate and prevent the development or spread of slums and urban blight, to encourage needed community rehabilitation and to provide for the redevelopment of slums and blighted areas.[2] Section 163.370(2)(c), Florida Statutes, authorizes counties and municipalities "[t]o undertake and carry out community redevelopment and related activities within the community redevelopment area[.]" Among those powers granted to local government for purposes of the act are the following:
"1. Acquisition of property within a slum area or a blighted area by purchase, lease, option, gift, grant, bequest, devise, or other voluntary method of acquisition.
* * *
4. Disposition of any property acquired in the communityredevelopment area at its fair value as provided in s. 163.380 for uses in accordance with the community redevelopment plan."[3] (e.s.)
Section 163.380(1), Florida Statutes, authorizes any county, municipality, or community redevelopment agency to "sell, lease, dispose of, or otherwise transfer real property or any interest therein acquired by it for community redevelopment in a community redevelopment area to any private person. . . ." (e.s.) Further, the statute states that "such sale, lease, other transfer, or retention, and any agreement relating thereto, may be made only after the approval of the community redevelopment plan by the governing body." The purchasers or lessees must devote such real property only to the uses specified in the community redevelopment plan and may be obligated to comply with such other requirements as the county, municipality, or community redevelopment agency determines to be in the public interest. Section 163.380(2), Florida Statutes, requires that "[s]uch real property or interest shall be sold, leased, otherwise transferred, or retained at a value determined to be in the public interest for uses in accordance with the community redevelopment plan and in accordance with such reasonable disposal procedures as any county, municipality, or community redevelopment agency may prescribe."
Section 163.380(3)(a), Florida Statutes, provides:
"Prior to disposition of any real property or interest thereinin a community redevelopment area, any county, municipality, or community redevelopment agency shall give public notice of such disposition by publication in a newspaper having a general circulation in the community, at least 30 days prior to the execution of any contract to sell, lease, or otherwise transfer real property and, prior to the delivery of any instrument of conveyance with respect thereto under the provisions of this section, invite proposals from, and make all pertinent information available to, private redevelopers or any persons interested in undertaking to redevelop or rehabilitate a community redevelopment area or any part thereof. Such notice shall identify the area or portion thereof and shall state that proposals must be made by those interested within 30 days after the date of publication of the notice and that such further information as is available may be obtained at such office as is designated in the notice. The county, municipality, or community redevelopment agency shall consider all such redevelopment or rehabilitation proposals and the financial and legal ability of the persons making such proposals to carry them out; and the county, municipality, or community redevelopment agency may negotiate with any persons for proposals for the purchase, lease, or other transfer of any real property acquired by it in the community redevelopment area. The county, municipality, or community redevelopment agency may accept such proposal as it deems to be in the public interest and in furtherance of the purposes of this part. . . ." (e.s.)
Generally, the legislative intent of a statute must be determined from the plain language of the statute and a statute will be construed and applied as enacted.[4] Where the legislative intent is clear from the language employed in a statute when considered in its ordinary and grammatical sense, resort to rules of statutory construction is unnecessary.[5] Words in a statute should be given the meaning accorded them in common usage unless a different connotation is expressed in or necessarily implied from the context of the statute in which they appear.[6] While use of the term "any real property" in section 163.380(3)(a), Florida Statutes, is expansive enough to include any property owned by the city regardless of the date it was acquired or the use for which it was acquired, the necessity to further the purpose of the act,i.e., eliminate and prevent the development or spread of slums and urban blight, to encourage needed community rehabilitation, and to provide for the redevelopment of slums and blighted areas, would, in my opinion, limit the application of the act to real property acquired by the city for redevelopment.[7]
Further, when statutory provisions relate to common things or have a common or related purpose, they are said to be parimateria, and where possible, that construction should be adopted which harmonizes and reconciles the statutory provisions so as to preserve the force and effect of each.[8] Under accepted rules of statutory construction, subsections (1), (2), and (3) of section 163.380, Florida Statutes, should be read together to present a comprehensive scheme for directing the disposition of property acquired for community redevelopment.[9]
Thus, the city's ownership of this undeveloped land and its intention to lease such lands does not appear to fall within the scope of the act despite being included within the geographical boundaries of the CRA, since the vacant property was not acquired for redevelopment and would not appear to be categorized as a blighted or slum area. Further, you have advised that the use of this property is not addressed in the current redevelopment plan.
The same conclusion was reached in Attorney General Opinion 2008-21 in which the City of Fort Myers asked whether city-owned submerged lands, located within the city's community redevelopment area but purchased for purposes other than community redevelopment prior to the creation of the city's CRA, would be subject to the notice requirements in section 163.380(3)(a), Florida Statutes. A review of the legislative intent for adoption of the "Community Redevelopment Act of 1969," and a reading of the act which would harmonize all sections of the statute led to the conclusion that such property was not subject to the act's notice provisions. That opinion recognizes that the language "any real property" as it is used in section 163.380(3)(a), Florida Statutes, is not directly limited by a requirement that such property be used for community redevelopment. However, as discussed above, the opinion concludes that the language should be read together with other provisions of the statute to further the purposes of the act.
Accordingly, it is my opinion that the notice requirements for the disposal of real property acquired for redevelopment purposes in section 163.380(3)(a), Florida Statutes, do not apply to real property located within the city's community redevelopment area which was acquired for purposes other than community redevelopment prior to the creation of the city's community redevelopment area.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] See, for example, s. 166.041(3), Fla. Stat., providing notice requirements for ordinances changing the zoning map designation of a parcel of real property within a municipality.
[2] See s. 163.340(9), Fla. Stat., defining "[c]ommunity redevelopment" as
"undertakings, activities, or projects of a county, municipality, or community redevelopment agency in a community redevelopment area for the elimination and prevention of the development or spread of slums and blight, or for the reduction or prevention of crime, or for the provision of affordable housing, whether for rent or for sale, to residents of low or moderate income, including the elderly, and may include slum clearance and redevelopment in a community redevelopment area or rehabilitation and revitalization of coastal resort and tourist areas that are deteriorating and economically distressed, or rehabilitation or conservation in a community redevelopment area, or any combination or part thereof, in accordance with a community redevelopment plan and may include the preparation of such a plan."
[3] Section 163.370(2)(c)1. and 4., Fla. Stat.
[4] Thayer v. State, 335 So. 2d 815 (Fla. 1976).
[5] See Reino v. State, 352 So. 2d 853 (Fla. 1977); MiamiBridge Co. v. Railroad Commission, 20 So. 2d 356 (Fla. 1944);Clark v. Kreidt, 199 So. 333 (Fla. 1940).
[6] Gaulden v. Kirk, 47 So. 2d 567 (Fla. 1950).
[7] And see Op. Att'y Gen. Fla. 2008-21 in which this office concluded that the notice requirements of s. 163.380(3)(a), Fla. Stat., did not apply to city-owned submerged lands located within a city's community redevelopment area when those lands were acquired for purposes other than community redevelopment prior to the creation of the city's community redevelopment area.
[8] See Ideal Farms Drainage District v. Certain Lands,19 So. 2d 234 (Fla. 1944) and State ex rel. Ashby v. Haddock,140 So. 2d 631 (Fla. 1st DCA 1962), for the proposition that when two statutes relate to common things or have a common or related purpose, they are said to be in pari materia, and where possible, a construction should be adopted which harmonizes and reconciles the statutory provisions so as to preserve the force and effect of each.
[9] See Ideal Farms, supra; Forsythe v. Longboat Key BeachErosion Control District, 604 So. 2d 452 (Fla. 1992) (all parts of a statute must be read together in order to achieve a consistent whole); State ex rel. Ashby v. Haddock,140 So. 2d 631 (Fla. 1st DCA 1962).